WAYNE WILHELMSEN, Plaintiff-Appellant, v. CENTURY 21 BEE LINE
REALTY, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—88—2917

Opinion filed December 29, 1989.

Mark Patrick Morgan and Keri-Lyn J. Krafthefer, both of Midlothian, for appellant.

James L. Ebersohl, of Worth, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff-appellant, Wayne Wilhelmsen (Wilhelmsen), appeals the trial court's denial of his petition to vacate an involuntary dismissal. Wilhelmsen argues that the trial court abused its discretion in impos-

ing that sanction based upon the nonappearance of his attorney after he had terminated the attorney-client relationship, and in imposing the most severe sanction when he had no notice that a deposition was scheduled and had acted in good faith and in reliance upon his former counsel. We reverse and remand.

In 1984, Wilhelmsen filed the underlying action against Century 21 Bee Line Realty, Inc., and James J. Hyland, Jr., for an accounting, injunctive relief, and other equitable relief. At that time and most times relevant, Wilhelmsen was represented by his first attorney of record.

Wilhelmsen failed to appear at a deposition scheduled for November 13, 1987. The notice of deposition was sent to Wilhelmsen's attorney, who did not notify Wilhelmsen that his presence was necessary. After Wilhelmsen and the attorney did not appear for the deposition, defendant, Century 21 Bee Line Realty, Inc., filed a motion for sanctions.

The notice of motion for sanctions was sent to Wilhelmsen's attorney. On January 14, 1988, Wilhelmsen sent a certified letter to the attorney discharging him. The attorney received this letter on January 19, 1988, but did not tell Wilhelmsen of the January 26, 1988, hearing on the motion for sanctions. On January 26, 1988, given the attorney's and Wilhelmsen's absence, the court ordered "That Plaintiff's attorney appear before this court on February 10, 1988, at 10:00 a.m., to show cause why this case should not be dismissed."

The attorney received a copy of this order but did not notify Wilhelmsen that his presence was necessary on February 10, 1988. Prior to February 10, 1988, the attorney forwarded to counsel for one of the defendants a notice of withdrawal. However, the attorney had not filed a motion to withdraw, been granted leave of court to withdraw, given notice to all parties of record, and did not give notice by personal service or certified mail to Wilhelmsen.

On February 10, 1988, neither the attorney nor Wilhelmsen appeared and the court imposed as the sanction dismissal of the lawsuit. The attorney informed Wilhelmsen of the dismissal in a letter dated February 16, 1988, erroneously stating that the case was dismissed for want of prosecution and that he had 30 days from February 16, 1988, to hire a new attorney.

On March 10, 1988, within 30 days from the judgment date, a second attorney filed an appearance, motion to vacate the dismissal for want of prosecution and supporting affidavit. The court denied the motion on April 7, 1988, stating that the motion could be pre-

sented after the first attorney had properly withdrawn. A substitution of attorneys was filed on May 11, 1988. Another motion to vacate and supporting affidavit were filed on June 1, 1988, and presented July 26, 1988. The court denied the motion stating that the dismissal was for "failure to participate in practices, rules and process of the Court." The court further held that the motion was not timely, but noted that the original, timely filed motion was not filed by the first attorney, the then attorney of record. The involuntary dismissal operated as an adjudication of the merits.

Wilhelmsen argues that the imposition of the sanction of dismissal was an abuse of discretion because (1) it was the most severe sanction and (2) it imputed the attorney's nonactions to him after he had terminated the attorney-client relationship.

■ The standard of review of decisions imposing sanctions for noncompliance with discovery is whether the trial court abused its discretion. (*Ralston v. Casanova* (1984), 129 Ill. App. 3d 1050, 1056, 473 N.E.2d 444, 449.) The trial court's discretionary authority to impose sanctions for discovery violations must be exercised with great care and with the goal of full discovery and full trial on the merits. (*Tinsey v. Chicago Transit Authority* (1986), 140 Ill. App. 3d 546, 549, 488 N.E.2d 1301, 1303.) In determining whether a discovery sanction is just, a reviewing court must look to the conduct that gave rise to the sanction. (*Ralston*, 129 Ill. App. 3d at 1057.) Given the circumstances of the case at bar, we find an abuse of discretion.

■ A dismissal is one of the most severe sanctions that can be imposed for a failure to comply with discovery. Dismissal is appropriate only where there is a showing of wilfull and deliberate disregard of court authority. (*Brandt v. John S. Tilley Ladders Co.* (1986), 145 Ill. App. 3d 304, 306, 495 N.E.2d 1269, 1271.) Moreover, discovery sanctions have been reversed where the litigants presented a legitimate excuse for their failure to comply and have shown a willingness to comply in the future. (*People's Gas, Light & Coke Co. v. Chicago Black Improvement Association* (1986), 148 Ill. App. 3d 1093, 1096, 502 N.E.2d 8, 10.) Here, Wilhelmsen did not deliberately or wilfully disregard court authority. Rather, he was unaware of the deposition and court dates.

■ An attorney's conduct in failing to comply with discovery requests may be imputed to the client. (*Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 435, 361 N.E.2d 36, 41.) However, we decline to penalize Wilhelmsen for the nonaction of his former counsel and recognize that his new counsel filed a timely motion to vacate the dismissal.

Accordingly, we reverse the judgment dismissing the case and remand to the circuit court for further proceedings.

Reversed and remanded.

WHITE and CERDA, JJ., concur.