THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KRYSTYNA J. TELLER, Defendant-Appellant.

Second District No. 2—89—1337

Opinion filed January 16, 1991.

Jerome S. Feder, of Geneva, for appellant.

James E. Ryan State's Attorney, of Wheaton (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Krystyna Teller, appeals from an order of the circuit court denying her petition to rescind the summary suspension of her driver's license. Defendant raises four issues on appeal: (1) whether the process of the subpoena *duces tecum* is available to a defendant in a misdemeanor case; (2) whether defendant's right to the process of the subpoena *duces tecum* is limited by her right to discovery pursuant to *People v. Schmidt* (1974), 56 Ill. 2d 572, 575; (3) whether a defendant may compel the production of documents at a summary suspension rescission hearing (rescission hearing) via the subpoena *duces tecum* procedure; and (4) whether the trial court erred in granting the State's motion to quash defendant's subpoena *duces tecum*. We will briefly summarize only those facts necessary to the resolution of the issues presented in this appeal.

Defendant was arrested for driving under the influence of alcohol (DUI) and driving with a blood-alcohol concentration of .10 or more (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501(a)(1), (a)(2)). Defendant submitted to a breathalyzer test which yielded a result of a blood-alcohol concentration of .22. Defendant subsequently received notice that her driving privileges had been suspended.

On October 9, 1989, defendant issued a subpoena *duces tecum* to the Addison police department requesting the following documents: (1) the arrest report; (2) the case report; (3) the alcohol influence report form; (4) a list of witnesses; (5) any written or recorded statement by defendant; (6) evidence that would be favorable to defendant;

(7) all orders and directives of the police department regarding coordination and chemical tests in DUI cases; (8) the make and model number of the breathalyzer machine (machine) used to test defendant's blood-alcohol level; (9) a copy of the operation manual of the machine; (10) all maintenance and repair logs for the machine; (11) the breath sample analysis log and certification log; (12) a copy of the certificate issued to the police officer who operated the machine; (13) a copy of the page in the log book containing the entry of the result of defendant's test and the last certification of the machine; (14) all information regarding repairs made to the machine; (15) the name and star number of the female officer who drove defendant home following defendant's release from custody; and (16) the name and star number of the officer who accompanied the arresting officer at the time of defendant's arrest. The return date on the subpoena was October 18, 1989.

On October 18, 1989, the State filed in court a motion to quash the subpoena. A hearing on the State's motion was held at that time. The court initially granted the motion to quash; however, defendant moved the court to reserve its ruling to afford defendant the opportunity to brief the issue for the court. Defendant's request was granted, and the matter was set over to November 7, 1989.

On October 20, 1989, defendant filed a petition for a hearing to rescind the summary suspension. It is unclear whether this petition was intended to be retroactive because the petition states, "I understand that the State will be ready for the hearing on the arraignment date which is 10/19/89."

On November 7, 1989, defendant filed a motion to vacate the order quashing the subpoena. On that date, the hearing on the motion was held. Defendant argued that the materials in the subpoena were necessary for her preparation for the rescission hearing because it was her contention that the police officer did not have probable cause to believe that defendant was under the influence of alcohol and her blood-alcohol content reading was .22. Defendant also argued that *Schmidt* discovery (see *People v. Schmidt* (1974), 56 Ill. 2d 572, 575) cannot be equated with the right of subpoena, nor is the subpoena process a discovery procedure. According to defendant, the power of subpoena applies in all criminal cases. Finally, defendant maintained that the subpoena was not "a general fishing expedition." The State disagreed, arguing that the order to quash was proper because the subpoena was nothing more than a "fishing expedition," and the State intended to comply with *Schmidt* discovery.

The court denied the motion to vacate the order quashing the subpoena. The court found that a rescission hearing is not equivalent to a

preliminary hearing and thus the case law regarding preliminary hearings is inapplicable to a rescission hearing. The court explained that it found the subpoena to be a "general fishing expedition" and that requiring the police department to produce all of the documents requested would nullify the effect of *Schmidt*.

On November 21, 1989, the court denied defendant's petition to rescind the summary suspension. Defendant's timely appeal followed.

■ Defendant first contends that the process of subpoena *duces tecum* is available to defendants in misdemeanor cases. We need not address this issue, however, because a summary suspension rescission hearing is civil in nature (*People v. Moore* (1990), 138 Ill. 2d 162, 167) and is not part of the criminal process (*Koss v. Slater* (1987), 116 Ill. 2d 389, 395). The rescission hearing is an administrative device designed to remove impaired drivers from the road promptly; it is not a punishment imposed by the court. (*Koss*, 116 Ill. 2d at 395.) As such, the rules of criminal procedure do not apply. *Moore*, 138 Ill. 2d at 169.

Defendant next contends that a defendant's right to the subpoena *duces tecum* process is not limited by her right to discovery as enunciated in *People v. Schmidt* (1974), 56 Ill. 2d 572, 575. In *Schmidt*, the supreme court was faced with determining the extent of discovery permissible in misdemeanor cases. The court held that in such cases discovery is limited to: (1) a list of witnesses, (2) any confessions of defendant, and (3) evidence negating defendant's guilt. *Schmidt*, 56 Ill. 2d at 575.

Subsequently, the appellate court in *People v. Finley* (1974), 21 Ill. App. 3d 335, relied on the holding in *Schmidt* to determine the discovery permissible in an implied-consent hearing. Citing language in the statute which read, "[s]uch hearing shall proceed in the Court in the same manner as other civil proceedings" (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(d)), the court stated that the rules of civil procedure govern matters of evidence and burden of proof in an implied-consent hearing. (*Finley*, 21 Ill. App. 3d at 341.) Nonetheless, after analyzing *Schmidt*, the *Finley* court relied on *Schmidt* to hold that pretrial civil discovery should be available without making application to the court in matters concerning an implied-consent hearing to the extent that such matters involve: (1) a list of witnesses, (2) any confessions by defendant, and (3) evidence negating defendant's guilt. (*Finley*, 21 Ill. App. 3d at 342.) However, the court went on to hold that the allowance of any further discovery is within the discretion of the trial court. *Finley*, 21 Ill. App. 3d at 342-43.

■ We find *Finley* to be persuasive in the case at bar. Like the statute governing an implied-consent hearing, section 2—118.1 of the

Illinois Vehicle Code specifically states that rescission hearings "shall proceed in the court in the same manner as in other civil proceedings." (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).) Therefore, *Schmidt* does not limit the discovery to which a defendant is entitled in a rescission hearing because such a hearing is civil in nature (*Koss*, 116 Ill. 2d at 395) and *Schmidt* involved the discovery permissible in a misdemeanor case. However, according to *Finley*, the limited discovery provided in *Schmidt* should be allowed upon demand in such a hearing, and the allowance of any further discovery is within the discretion of the trial court.

Defendant next contends that the subpoena *duces tecum* procedure is available at a rescission hearing. As the above discussion indicates, the allowance of such a procedure is within the discretion of the trial court.

Finally, defendant contends that the trial court erred in quashing the subpoena *duces tecum*. The trial court quashed the subpoena on the ground that it would be inappropriate under *Schmidt*. When considering legal questions, we are not bound by the trial court's reasoning but may affirm the judgment on any basis supported by the record. *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387.

There are two types of subpoenas *duces tecum*: that used as part of the discovery process and that used to compel at trial the production of documents to be introduced into evidence. (See *Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, 325-26.) Section 2—1101 of the Code of Civil Procedure provides that a court may quash a subpoena requesting the production of documents at trial "[f]or good cause shown." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1101.) Under Supreme Court Rule 201(c), the trial court may deny a discovery request "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression." (134 Ill. 2d R. 201(c)(1).) As defense counsel's comments during the hearings indicate, this was a discovery subpoena *duces tecum* since defense counsel sought the documents in advance of the rescission hearing date so that defendant could prepare a defense.

The list of materials defendant sought in her subpoena was lengthy. However, the record indicates that the State agreed to comply with *Schmidt* discovery, and, according to defendant's brief, only five items fell outside the scope of *Schmidt*. Specifically, defendant argues that unavailable under *Schmidt* are: (1) the arrest report; (2) the case report; (3) all orders and directives of the police department regarding coordination and chemical tests in DUI cases; (4) all mainte-

nance and repair logs for the machine used to test defendant's breath; and (5) all information regarding repairs made to that machine. At the November 7 hearing, defense counsel acknowledged having received the arrest report and the case report. Thus, the need to obtain that material by subpoena is consequently moot, and the last three materials on the list are apparently the only materials defendant asserts to be subject to the subpoena process.

 It is well settled that a court should deny a discovery request not only when the material requested is irrelevant or immaterial but also when the request is oppressive. (*Leeson v. State Farm Mutual Automobile Insurance Co.* (1989), 190 Ill. App. 3d 359, 366-68.) In the present case, the trial court ruled that the subpoena was nothing more than "a general fishing expedition."

 █ It is clear that the legislature intended the summary suspension and rescission hearing process to be swift and of limited scope. (*Moore*, 138 Ill. 2d at 169.) The only issues which a driver may raise at such hearings are: "(1) whether the person was placed under arrest; (2) whether the arresting officer had probable cause to believe that the person was driving while under the influence; (3) whether the person refused to take a chemical test; and (4) whether the person failed a test to which that person submitted." (*Moore*, 138 Ill. 2d at 167.) The arresting officer need not even appear, as the written report of the officer will suffice. (*Moore*, 138 Ill. 2d at 167.) The trial court found that the discovery request in the present case was too broad for a rescission hearing, and, in light of the limited questions at issue, we cannot say this conclusion was erroneous. Thus, the trial court did not abuse its discretion in quashing the subpoena *duces tecum*.

The judgment of the circuit court is affirmed.

Affirmed.

WOODWARD and NICKELS, JJ., concur.