THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ERIC S. SCHAMBOW, Defendant-Appellee.

Second District   No. 2—98—1011

Opinion filed June 29, 1999.

Joseph E. Birkett, State's Attorney, of Wheaton (Margaret M. Healy and Kevin Bugos, Assistant State's Attorneys, and Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Ronald W. Sadowski, of Law Offices of Ronald W. Sadowski, of Oak Brook, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

On April 17, 1998, the circuit court of Du Page County rescinded the statutory summary suspension of the driver's license of defendant, Eric Schambow. The trial court entered the rescission order as a discovery sanction after the State failed to provide the defendant with

a subpoenaed audiotape of radio communications between the arresting officer and police headquarters. The State appeals pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).

The following facts are relevant to the instant appeal. On December 12, 1997, Trooper S. LeGrand of the Illinois State Police received a police dispatch at 12 a.m. regarding a possible intoxicated driver traveling southbound on Interstate 55 near Illinois Route 83. Trooper LeGrand saw the vehicle described in the dispatch and observed that it was speeding and swerving. Trooper LeGrand subsequently stopped the vehicle and administered several roadside sobriety tests to the defendant. After the defendant failed these tests, Trooper LeGrand placed him under arrest for driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(1), (a)(2) (West 1996)). Trooper LeGrand advised the defendant that he would be required to appear in court for the DUI on January 14, 1998.

As a result of the DUI arrest, the office of the Secretary of State informed the defendant that his driving privileges would be suspended for three months pursuant to section 11—501.1 of the Illinois Vehicle Code (625 ILCS 5/11—501.1 (West 1996)). The suspension was to become effective on January 27, 1998.

On December 23, 1997, the defendant served a subpoena *duces tecum* on the Illinois State Police requesting any and all radio communications between Illinois State Police District Two (District Two) and Trooper LeGrand for the date and time of the defendant's arrest. The subpoena was returnable on the defendant's court date of January 14, 1998. On that date, the tape was not produced in court. The trial court therefore ordered the State to provide the audiotape requested in the subpoena.

On January 16, 1998, defense counsel was forwarded a letter from Karen Milligan, who was the telecommunications supervisor for District Two. Milligan indicated that she would be unable to supply the subpoenaed audiotape, explaining as follows:

"I regret that I am unable to supply this tape. I am relatively new to District 2 communications, and was not aware of the fact that before the tapes on the tape deck are changed, they are first erased, instead of being taped over. I came in on Sunday, 1-11-98 to make this tape for your office and found a blank tape. It was then I was advised of the *** erasing [of] the tapes before placing them back on the deck."

Apparently, 30 days after the date of original taping, the recordings of District Two's radio communications are erased. January 11, 1998, was the thirtieth day following the defendant's arrest. Therefore, when Milligan attempted to copy the requested tape on January 11, 1998, it had already been erased and recycled earlier in the day.

On March 30, 1998, the defendant filed a motion for sanctions seeking the rescission of his statutory summary suspension pursuant to Supreme Court Rule 415(g)(i) (134 Ill. 2d R. 415(g)(i)). The defendant alleged that he was entitled to the rescission as a result of the State's failure to produce the subpoenaed audiotape. Although the defendant acknowledged that the destruction of the tape was inadvertent, he argued that he was nonetheless without the benefit of the information contained on the tape during the preparation of his defense.

On April 17, 1998, following argument, the trial court entered an order rescinding the defendant's summary suspension. The trial court found that such a sanction was proper in light of the State's failure to produce the subpoenaed audiotape. In so ruling, the trial court specifically relied upon a Rule 23 order filed by the Appellate Court, First District, in the case of *People v. Karl*, No. 1—96—3485 (1998) (unpublished order under Supreme Court Rule 23). In *Karl*, the appellate court held that the rescission of a summary suspension was a proper sanction for the State's failure to provide subpoenaed audiotapes of police radio communications. In *Karl*, as in the instant case, the audiotape had been automatically erased before duplication. Following the denial of its motion to reconsider, the State filed a timely notice of appeal.

At the outset, we note that the defendant has failed to file a brief responding to the issues raised by the State on appeal. However, as the State's brief and the record are sufficient to resolve the issue appealed, we will nonetheless consider the merits of the appeal. *In re Marriage of Cody*, 264 Ill. App. 3d 160, 161 (1994).

■ In the proceedings below, both the parties and the trial court expended significant effort considering the applicability of *Karl*. Indeed, as noted above, the trial court found that the disposition in *Karl* controlled the outcome in the instant case. However, as a Rule 23 order, it was improper for the trial court to rely on *Karl* and to permit the parties to cite that case as authority. Supreme Court Rule 23 plainly provides that an unpublished order of an appellate court "is not precedential and may not be cited by any party." 166 Ill. 2d R. 23(e). Rule 23 orders have *no* precedential value and may be invoked only to support contentions such as double jeopardy, *res judicata*, collateral estoppel, and law of the case. See *Brinkley v. Brinkley*, 174 Ill. App. 3d 705, 715 (1988). We will therefore not consider *Karl* and will instead engage in an independent legal analysis of the issues presented herein.

■ The standard of review of decisions imposing sanctions for noncompliance with discovery and subpoenas is whether the trial court abused its discretion. *Cohn v. Northern Trust Co.*, 250 Ill. App.

3d 222, 228 (1993); *People v. Teller*, 207 Ill. App. 3d 346, 350-51 (1991); *Wilhelmsen v. Century 21 Bee Line Realty, Inc.*, 193 Ill. App. 3d 64, 66 (1989). The trial court's discretionary authority to impose sanctions for discovery violations must be exercised with great care and with the goal of full discovery and a full trial on the merits. *Wilhelmsen*, 193 Ill. App. 3d at 66.

■ First, we note that a hearing seeking the rescission of a statutory summary suspension is a civil proceeding. 625 ILCS 5/2—118.1(b) (West 1996); *People v. Moore*, 138 Ill. 2d 162, 167 (1990). As such, it was improper for the defendant to seek discovery sanctions pursuant to Supreme Court Rule 415 because that rule only applies to discovery violations in felony cases. See 134 Ill. 2d R. 415(g)(i); *People v. Petru*, 52 Ill. App. 3d 676, 678 (1977) (Rule 415 cannot be utilized to impose discovery sanctions in a misdemeanor DUI).

■ In noncriminal proceedings, the proper sanction for lost or destroyed evidence must be determined under a traditional due process analysis. *In re C.J.*, 166 Ill. 2d 264, 273 (1995). Under such an analysis, the failure to preserve potentially useful evidence does not constitute a denial of due process unless the defendant can show bad faith on the part of the police. *C.J.*, 166 Ill. 2d at 273-74 (no bad faith found where missing DCFS records were destroyed and expunged as part of routine procedure). Mere negligence is not enough to sustain a finding of a due process violation. *People v. Ward*, 154 Ill. 2d 272, 297-99 (1992). Moreover, in order to demonstrate a due process violation, the defendant must show that the lost evidence contained potentially exculpatory material. *C.J.*, 166 Ill. 2d at 273-74.

■ In addition to conducting a traditional due process analysis, the trial court has the power to impose discovery sanctions in civil cases pursuant to Supreme Court Rule 219 (166 Ill. 2d R. 219). Under Rule 219, the trial court has the discretion to strike a party's pleading where that party's noncompliance with discovery has been unreasonable. *Pickering v. Owens-Corning Fiberglas Corp.*, 265 Ill. App. 3d 806, 820 (1994). In determining whether a party's noncompliance has been unreasonable, the standard is whether the party's conduct is characterized by a wilful and deliberate disregard of the discovery rules or the trial court's authority. *Wilhelmsen*, 193 Ill. App. 3d at 66. The dismissal as a discovery sanction should be employed as a last resort in order to enforce the rules of discovery and should be set aside when a trial on the merits may be had without hardship or prejudice. *Wegman v. Pratt*, 219 Ill. App. 3d 883, 891 (1991).

■ Turning to the instant case, we do not believe that the defendant's due process rights were violated by the State's failure to preserve the audiotaped recordings. First, there is no evidence that

the destruction of the recording was the result of bad faith by the State. The telecommunications supervisor for District Two attempted to duplicate the requested tapes on January 11, 1998, three days prior to the return date on the subpoena. Evidently, she was a new employee and did not realize that the tapes would be automatically erased 30 days following the defendant's arrest. In his written motion, the defendant acknowledged that the destruction of the tape was "inadvertent." Moreover, the trial court specifically found that there had been no bad faith by the State in failing to preserve the evidence.

Second, we are not convinced that the dispatch tapes rise to the level of potentially exculpatory evidence. Trial courts should not speculate as to the possibility of exculpatory material contained in dispatch audiotapes lost by the State. See *People v. Hoover*, 250 Ill. App. 3d 338, 347 (1993). Here, the audiotape would be of limited evidentiary value at the hearing on the defendant's summary suspension. To sustain the summary suspension, the State need only prove that (1) the arresting officer had reasonable grounds to believe that the defendant was operating his vehicle under the influence of alcohol; and (2) the defendant refused to take a breathalyzer examination or that his breathalyzer results exceeded a blood-alcohol level of .10. See 625 ILCS 5/11—501.1 (West 1996). The State could sustain this burden by presenting Trooper LeGrand's testimony as to the results of the defendant's breathalyzer. Additionally, the State could similarly establish probable cause to arrest based upon Trooper LeGrand's personal observations of the defendant's driving and his performance on the field sobriety tests. We therefore see little, if any, potential exculpatory value to the subpoenaed tapes. Lacking the predicate showing of exculpatory potential or prosecutorial bad faith, the defendant cannot demonstrate that his due process rights have been violated. See *Hoover*, 250 Ill. App. 3d at 347 (no due process violation when the State lost 911 tapes).

Additionally, we do not believe that the rescission of the summary suspension was an appropriate discovery sanction under Supreme Court Rule 219. As noted above, Rule 219 provides the trial court with significant discretion in imposing sanctions for discovery violations in civil cases. However, dismissal is only proper when the discovery violation demonstrates a deliberate disregard of the discovery rules and prevents a trial on the merits as a result of hardship and undue prejudice on the opponent. *Wegman*, 219 Ill. App. 3d at 891. As detailed above, the trial court herein specifically found that the State's failure to preserve the tape was not deliberate or in bad faith. In light of this fact, and due to the limited evidentiary value of the audiotape to the summary suspension hearing, we do not believe that the destruction of this evidence prevented a fair hearing on the merits. As such, we

conclude that the trial court abused its discretion in rescinding the defendant's summary suspension as a sanction.

By our holding, we do not intend to undermine the trial court's ability to enforce its discovery orders. However, the nature of the sanction must be commensurate with the discovery violation. See *Pickering*, 265 Ill. App. 3d at 820. Here, instead of rescinding the summary suspension, the trial court could have simply precluded Trooper Le-Grand from testifying concerning statements he made to the police dispatcher as well as any information he learned from the dispatcher. Such a sanction would have been more proportional to the magnitude of the discovery violation. See *People v. Koutsakis*, 255 Ill. App. 3d 306, 313-14 (1993) (appropriate sanction for failure to produce requested audiotapes was to preclude officers from testifying concerning matter which may have been included on the tape). Under the circumstances here presented, we believe that the rescission of the defendant's summary suspension was simply too harsh a sanction.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for additional proceedings.

Reversed and remanded.

INGLIS and RAPP, JJ., concur.