GOVERNMENT EMPLOYEES INSURANCE COMPANY, a/s/o Millie Booker, Plaintiff-Appellant, v. BERNADETTE CAMPBELL, Defendant-Appellee.

First District (4th Division)    No. 1—02—0748

Opinion filed November 27, 2002.

Law Office of Kevin J. Kawa, of Chicago (Kevin M. Gross, of counsel), for appellant.

Parrillo, Weiss & O'Halloran, of Chicago (Keely Truax, of counsel), for appellee.

JUSTICE KARNEZIS delivered the opinion of the court:

Following mandatory arbitration in this subrogation action involving damages sustained in a vehicle collision by plaintiff's subrogor, judgment on liability was entered in favor of plaintiff, Government Employees Insurance Company (hereinafter, GEICO), and against defendant, Bernadette Campbell. However, the arbitrators awarded GEICO $0 in damages as they found that GEICO had violated defendant's Rule 237(b) (166 Ill. 2d R. 237(b)) notice to produce by failing to produce the "adjuster with the entire claim file." GEICO attempted to reject the award, but the trial court entered an order debarring it from doing so as a sanction for its Rule 237 violation. GEICO now appeals from that order and claims that the trial court erred in barring it from rejecting the arbitration award as it complied with Supreme Court Rule 237. GEICO also argues that even if it violated Rule 237, the sanction of debarment was too harsh. In addition, it maintains that the trial court's reliance upon a written set of "proposed arbitration guidelines" in barring plaintiff's rejection of the arbitration award was improper. Finally, GEICO contends that the trial court improperly considered good faith and meaningful participation under Supreme Court Rule 91(b) (166 Ill. 2d R. 91(b)) as a basis for debarring its rejection of the arbitration award, as defendant waived this argument by failing to raise it in her motion to debar. We affirm.

GEICO filed a subrogation action to recover damages in the

amount of $17,081.70 as a result of a vehicle collision between its subrogor, Millie Booker, and the defendant, Bernadette Campbell.

Defendant served a notice to produce, pursuant to Supreme Court Rule 237(b) (166 Ill. 2d R. 237(b)), on GEICO demanding that, among other things, GEICO produce "[p]laintiff(s) and [c]o-defendant(s) at the commencement of the case in chief of defendant Bernadette Campbell" and, "[i]f the [p]laintiff and/or the [c]o-defendant is a corporation (including an Insurance Company), the claims adjuster with the entire claim file."

A mandatory arbitration hearing was held on November 19, 2001. Counsel for GEICO appeared at the hearing, as did its subrogor, Millie Booker. Neither the claims adjuster nor the claim file was produced. The arbitrators entered an award in favor of GEICO with respect to liability but awarded GEICO $0 in damages as GEICO "failed to produce file and agent pursuant to Rule 237."

On November 27, 2001, GEICO filed a notice of rejection of the award in the circuit court. In response, defendant filed a motion to debar GEICO's rejection of the award on the basis that GEICO failed to comply with defendant's Rule 237 notice. On January 8, 2002, the court granted defendant's motion to debar. Thereafter, the court entered judgment on the arbitration award in favor of GEICO and against defendant in the amount of $0.

GEICO then filed a motion to reconsider the court's debarment of GEICO's rejection and judgment on the award. A hearing was held on the motion to reconsider and the court denied GEICO's motion.

Plaintiff first claims that it should not have been debarred from rejecting the arbitration award because it substantially complied with Supreme Court Rule 237. While plaintiff did not bring its "claim adjuster with the entire claim file" to the hearing as required by defendant's notice, GEICO asserts that "the circumstances of this case do not warrant such a [*sic*] extreme result—in essence, a $17,081.70 sanction—merely because GEICO did not bring a total loss adjuster to testify on its behalf at arbitration, while both counsel and subrogor did appear."

■ Supreme Court Rule 237(b) states in pertinent part:

"The appearance at the trial of a party or a person who at the time of trial is an officer, director, or employee of a party may be required by serving the party with a notice designating the person who is required to appear. The notice also may require the production at the trial of the original of those documents or tangible things ***. Upon a failure to comply with the notice, the court may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate." 166 Ill. 2d R. 237(b).

Supreme Court Rule 90(g) provides that Rule 237 is equally applicable to arbitration hearings as to trials and also provides that failure to comply with a Rule 237(b) notice may include an order debarring that party from rejecting the arbitration award. 166 Ill. 2d R. 90(g).

■ Sanctions for failing to comply with a Rule 237 notice are to be imposed when failure to comply is determined to be unreasonable. *Hawkins v. Wiggins*, 92 Ill. App. 3d 278, 282, 415 N.E.2d 1179 (1980). The trial court's decision to bar a party from rejecting an arbitration award is within the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion. *Williams v. Dorsey*, 273 Ill. App. 3d 893, 901, 652 N.E.2d 1286 (1995). An abuse of discretion "occurs when the court rules arbitrarily or when its ruling 'exceed[s] the bounds of reason.' " *Williams*, 273 Ill. App. 3d at 901, quoting *In re Marriage of Malters*, 133 Ill. App. 3d 168, 180, 478 N.E.2d 1068, 1076 (1985). In addition, the burden is on the offending party to show that its noncompliance with a Rule 237 notice was reasonable or the result of extenuating circumstances. *Kubian v. Labinsky*, 178 Ill. App. 3d 191, 197, 533 N.E.2d 22 (1988).

Plaintiff argues that the ruling in *State Farm Insurance Co. v. Rodrigues*, 324 Ill. App. 3d 736, 756 N.E.2d 359 (2001), is dispositive of its claim that the failure to comply with a Rule 237(b) notice was not unreasonable. In that case, State Farm filed a subrogation action against defendant Rodrigues for damaging the vehicle of its insured, Pisarski. It was alleged that defendant struck and damaged Pisarski's parked and unoccupied vehicle. Counsel for State Farm appeared at the arbitration hearing but Pisarski did not and the hearing proceeded without her. The arbitrators entered an award for plaintiff and against defendant, but did not make a finding that plaintiff had failed to participate in good faith. Thereafter, defendant rejected the arbitration award. Subsequently, the trial court entered judgment for defendant and an order barring plaintiff from presenting evidence at trial as plaintiff had not arbitrated in good faith. Plaintiff appealed and argued that the trial court abused its discretion in finding that plaintiff failed to arbitrate in good faith and in entering an order based on that finding barring plaintiff from presenting evidence at trial. *State Farm*, 324 Ill. App. 3d at 737-40.

GEICO confuses Supreme Court Rules 237(b) and 90(g) with Rule 91 (145 Ill. 2d R. 91), and therefore its reliance on *State Farm* is misplaced. In *State Farm*, the court barred plaintiff from presenting evidence at trial as a sanction for plaintiff's failure to arbitrate in good faith, in accordance with Supreme Court Rule 91, which requires that a party or a party's attorney appear at the arbitration hearing and

participate meaningfully and in good faith, after plaintiffs' subrogor, Pisarski, failed to appear at the arbitration hearing. *State Farm*, 324 Ill. App. 3d at 738; 145 Ill. 2d Rs. 91(a), (b). The court's order finding bad faith was based on defendant's argument that Pisarki's presence at the arbitration hearing was necessary as her testimony was needed to submit plaintiff's case to sufficient adversarial testing and to reveal whether she actually had an insurance policy and whether there was preexisting damage to her vehicle. *State Farm*, 324 Ill. App. 3d at 742.

Contrary to the facts of the instant case, the court in *State Farm* found that there could be no Rule 237 violation as there was no indication that defendant ever filed the necessary notice with plaintiff to produce subrogor or any of plaintiff's representatives. As a result, the court could not impose sanctions under Supreme Court Rule 90(g). *State Farm*, 324 Ill. App. 3d at 741-42.

■ In the instant case, defendant filed a proper Rule 237 notice that included, among other things, that plaintiff bring the "adjuster with the entire claim file" to the arbitration hearing. GEICO did not do so and now attempts to make light of its noncompliance by referring to its "mere failure." Moreover, GEICO has failed to provide any explanation for its noncompliance, other than it was "an oversight."

> "A consistent theme throughout the rules governing mandatory arbitration is the need for parties and their counsel to take these proceedings seriously; specifically, the concern is that no party make a 'mockery of this deliberate effort on behalf of the public, the bar and judiciary to attempt to achieve an expeditious and less costly resolution to private controversies' and to avoid allowing the arbitration process to be reduced to merely 'another hurdle to be crossed in getting the case to trial.' " *Williams*, 273 Ill. App. 3d at 900, quoting 145 Ill. 2d Rs. 91(a), (b), Committee Comments.

See also 166 Ill. 2d Rs. 90(g), 93.

In accordance with the aforementioned "theme," we find that the sanction imposed by the trial court was not an abuse of discretion, nor was the sanction unduly harsh in light of the circumstances. Basic tort law mandates that to establish a *prima facie* case of negligence a plaintiff must show that a duty was owed, defendant breached that duty, the breach proximately caused plaintiff's injury and plaintiff sustained damages. *Nunez v. Horwitz*, 205 Ill. App. 3d 976, 981, 563 N.E.2d 946 (1990), citing W. Prosser, Prosser & Keeton on Torts § 30, at 164-65 (5th ed. 1984). Plaintiff failed to produce the necessary witness and documentation with regard to damages and therefore failed to establish a *prima facie* case of negligence. As a result, it was awarded $0 in damages. Certainly, plaintiff would not have proceeded

to trial without a witness or documents that would serve as a foundation for its damage claim. As the court noted, "[i]f this was a trial and you had that information and it wasn't there, it's no different." Accordingly, the sanction in the instant case is appropriate.

■ Plaintiff next directs our attention to a piece of paper entitled "Proposed Property Damage Guidelines for Arbitration Orders," which plaintiff claims was improperly relied upon by the court in determining whether to debar plaintiff's rejection of the arbitration award. The document states, in relevant part, after service of a proper Rule 237 notice to appear, in cases where the *ad damnum* is between $10,000 to $30,000, the subrogor and adjuster (or person with actual knowledge of damages) must appear. The document further states, "[t]hese proposals are only guidelines."

As plaintiff argues, these guidelines have not been adopted as circuit court rules. The trial court's reference to these guidelines does not require us to reverse its ruling. Even if the court relied on the guidelines,[1] we do not find an impermissible judicial encroachment of legislative authority as plaintiff suggests.

As previously stated, sanctions for violating a Rule 237(b) notice to produce include an order debarring the offending party from rejecting the arbitration award. 166 Ill. 2d R. 90(g). Here, plaintiff violated Rule 237 by failing to produce "the adjuster and the entire claim file." Therefore, the entry of an order debarring plaintiff's rejection of the award was proper under Illinois Supreme Court rules, regardless of any reference to the guidelines.

■ Plaintiff next contends that the trial court improperly considered good faith and meaningful participation under Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)) as a basis for debarring its rejection of the arbitration award, as defendant waived this argument by not raising it in her motion to debar. GEICO claims defendant did not raise this issue in her written response to plaintiff's motion to reconsider but rather raised it for the first time at the hearing on plaintiff's motion to reconsider.

Matters not raised in the trial court may not be raised for the first time on appeal (see *Riopelle v. Northwest Community Hospital*, 195 Ill. App. 3d 750, 753, 552 N.E.2d 1220 (1990)). However, the issue of good faith and meaningful participation was clearly raised during the hearing on plaintiff's motion to reconsider. Because the issue was made part of the record, it is properly before this court.

---

[1]We cannot ascertain on what basis the trial court granted defendant's motion to debar, other than it was imposed as a sanction for plaintiff's Rule 237 violation, as the transcript of those proceedings is absent from the record.

Defendant's motion to debar makes only one allegation: GEICO failed to comply with defendant's Rule 237 motion to produce. Therefore, the trial court granted defendant's motion to debar as a sanction for plaintiff's violation of Rule 237. Absent a complete record, it is unclear whether the trial court considered a Rule 91(b) violation at the time of the entry of the order debarring plaintiff from rejecting the award or whether it was first considered on the motion to reconsider the debarment.

However, because we have already determined the trial court did not abuse its discretion in imposing the sanction of debarment for GEICO's violation of Supreme Court Rules 237 (b) and 90(g), we need not address whether the trial court properly found that plaintiff had failed to arbitrate in good faith and a meaningful manner in violation of Supreme Court Rule 91(b).

Based on the foregoing, we find that the trial court did not abuse its discretion in barring GEICO from rejecting the arbitration award. Hence, the judgment of the trial court is affirmed.

Affirmed.

HARTMAN and GREIMAN, JJ., concur.