2015 IL App (2d) 140859
No. 2-14-0859
Opinion filed December 29, 2015

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 14-DT-347 |
| JOHN TSIAMAS, | ) ) ) | Honorable Anthony V. Coco, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion
Presiding Justice Schostok and Justice Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a traffic stop and arrest for driving under the influence (DUI), defendant, John Tsiamas, had his driver's license summarily suspended. He filed a petition to rescind the suspension and requested a video in connection with his arrest for his rescission hearing. (Although defendant is technically the petitioner, for convenience's sake we refer to him as defendant.) When the State failed to produce the video, defendant moved for sanctions. The trial court denied defendant's sanctions motion based on its belief that the video was not discoverable. We vacate and remand.

¶ 2    Around 1 a.m. on February 14, 2014, Officer Herrera of the Village of Bensenville police department (only his last name and an illegible first initial appear in the record) stopped

defendant's vehicle for improper lane usage and speeding. Herrera arrested defendant for an unrelated offense (cannabis possession) and transported him to the Bensenville police station. In the station's booking room, Herrera observed signs of impairment and instructed defendant to perform field sobriety tests. According to Herrera, defendant failed. Herrera then asked defendant to submit to chemical testing, in this case a Breathalyzer. Herrera also stated that he read defendant the warning to motorists, which informed defendant that if he refused to take the Breathalyzer test his license would be suspended. Defendant refused to perform the test. His driver's license was summarily suspended (625 ILCS 5/11-501.1 (West 2012)) and he was charged with misdemeanor DUI (625 ILCS 5/11-501(a)(2) (West 2012)). The parties have stipulated that the events in the booking room were recorded on video maintained by the Bensenville police department.

¶ 3 On February 20, 2014, six days after his arrest, defendant filed a petition to rescind the summary suspension and notified the State, represented by the State's Attorney, of the same. Defendant alleged two grounds for rescission: that the officer lacked reasonable grounds to require him to submit to chemical testing in the first place, and that he was improperly read the warning concerning the suspension of his license. See 625 ILCS 5/2-118.1(b) (West 2012).

¶ 4 The same day defendant filed his rescission petition, he also filed a motion for pretrial discovery under Illinois Supreme Court Rule 214 (eff. Jan. 1, 1996) and a notice to produce at trial under Illinois Supreme Court Rule 237 (eff. July 1, 2005). Both the Rule 214 motion for discovery and the Rule 237 notice to produce requested from the State any recordings made in connection with defendant's arrest, including "the booking room video or DVD" and "any and all video and audio recordings of any field sobriety tests."

¶ 5 On March 27, 2014, the parties returned to court for a combined status date on both defendant's criminal case and his rescission hearing. The State tendered certain discovery to defendant, and his attorney acknowledged its receipt. The parties did not indicate what items the State turned over in discovery, but it is undisputed that the booking room recording was not included. The State filed neither an objection to defendant's discovery motion nor an affidavit certifying its compliance with defendant's discovery requests. *Cf.* Ill. S. Ct. R. 214(c) (eff. Jan. 1, 1996). Each case was continued, and the date for defendant's rescission hearing was scheduled for April 24, 2014. On April 24, the parties returned to court for the rescission hearing. Before the hearing got underway, the trial court noted that it had received a response from the Bensenville police department to a subpoena *duces tecum*, which defendant served on April 1. Defendant's subpoena requested a copy of the booking room recording. The police department informed the court, however, that it "ha[d] no recordings" responsive to the subpoena. Thereafter, defendant made an oral motion for sanctions against the State. See Ill. S. Ct. R. 219(c) (eff. July 1, 2002) (the trial court has discretion to impose sanctions for noncompliance with discovery rules).

¶ 6 Defendant argued that the Bensenville police department generally maintains video recordings for 30 days and that, because he filed his discovery motion and notice to produce 6 days after his arrest, the State was "on notice" to preserve the recording prior to its destruction. The trial court then asked the State whether it would stipulate that the Bensenville police department maintained its stationhouse recordings for 30 days. In response, the State conceded that a recording responsive to defendant's request "did exist" at some point (we assume this means that both video and audio were recorded), but would not stipulate that the police department maintained its stationhouse recordings for 30 days. The State then argued that

defendant was not entitled to receive the recording in "*Schmidt* discovery"—that is, under the decisions in *People v. Schmidt*, 56 Ill. 2d 572 (1974), and *People v. Kladis*, 2011 IL 110920, which set forth the parameters for discovery in misdemeanor DUI cases. Defendant argued that *Kladis* supported the imposition of sanctions and that, as in *Kladis*, the court should, as a discovery sanction against the State, bar the arresting officer from testifying about the events captured in the purged recording. See *Kladis*, 2011 IL 110920, ¶¶ 9-11, 44.

¶ 7    The trial court ultimately denied defendant's motion for sanctions, stating that it was unaware of any published appellate decisions that "either logically or illogically extended [*Kladis*] to the booking room." A hearing was held on defendant's petition to rescind his summary suspension and Herrera testified concerning the events in the booking room. Thereafter, the trial court denied defendant's rescission petition.

¶ 8    Defendant filed a motion to reconsider the denial of the petition, asking the court to also reconsider the discovery ruling. The court denied the motion in its entirety. As to discovery, the court said, "*Kladis* is pretty new. We were all brought up under *** *Schmidt*, where you pretty much didn't get anything [in discovery]." The court further stated that it believed that the video had not been intentionally destroyed. Defendant timely appealed.

¶ 9    The issue before this court is whether the State committed a discovery violation in the first instance, which we review *de novo*. *People v. Hood*, 213 Ill. 2d 244, 256 (2004). For the most part, the parties present us with the same arguments they raised below. Defendant, relying on *Kladis*, contends that the trial court erred when it found that the booking room recording was not discoverable. The State counters that the holding in *Kladis* is limited to in-dash squad car recordings and that, per *Schmidt*, defendant "was not entitled to receive the [video] as part of the limited discovery allowed in a *misdemeanor DUI case*." (Emphasis added.) We agree with

defendant: Since the recording was discoverable, the State committed a discovery violation.

¶ 10    At the outset, we observe that *Schmidt* sets forth what is discoverable in misdemeanor DUI, *i.e.*, criminal, cases. In *People v. Teller*, 207 Ill. App. 3d 346 (1991), we explained that "a summary suspension rescission hearing is civil in nature [citation] and is not part of the criminal process [citation]." *Id.* at 349. Accordingly, we held in *Teller* that "*Schmidt* does not limit the discovery to which a defendant is entitled in a rescission hearing because such a hearing is civil in nature [citation] and *Schmidt* involved the discovery permissible in a misdemeanor case." *Id.* at 350. However, we also held that, while "the limited discovery provided in *Schmidt* should be allowed upon demand in such a hearing, *** the allowance of any further discovery is within the discretion of the trial court." *Id.* (citing *People v. Finley*, 21 Ill. App. 3d 335 (1974)); accord *People v. Brummett*, 279 Ill. App. 3d 421, 425 (1996). *Kladis*, as an extension of *Schmidt*, easily fits within the *Teller* framework as well.

¶ 11    Here, with respect to the recording, the trial court failed to exercise its discretion concerning additional discovery under *Teller* because it apparently did not realize that it had any discretion to exercise. Moreover, the trial court incorrectly framed the controlling issue: The question was *not* whether *Kladis* specifically had yet been "extended *** to the booking room." Rather, the question was whether, in the trial court's discretion, a properly requested recording of field sobriety testing or the warning to motorists—regardless of where either was performed— was discoverable in a rescission proceeding. The answer is yes, and it would have been an abuse of discretion had the trial court exercised its discretion and found otherwise.

¶ 12    The recording was discoverable in this case because it was (1) requested in discovery and (2) relevant. Ill. S. Ct. R. 214(a) (eff. Jan. 1, 1996); see also Ill. S. Ct. R. 237(b) (eff. July 1, 2005) (requested evidence should be produced at trial if it is discoverable). Relevant evidence is

defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ill. R. Evid. 401 (eff. Jan. 1, 2011).

¶ 13    This was a typical rescission case and relevancy here was relatively straightforward. Per defendant's rescission petition, the subject matter of this action was whether the arresting officer had reasonable grounds to believe that defendant was driving under the influence, and whether the officer properly read defendant the warning to motorists. Defendant maintained that the field sobriety tests and warning took place in the booking room. The State did not dispute defendant's claim as to what occurred in the booking room; further, the State stipulated that a recording of the events in the booking room, responsive to defendant's request, had existed. *Cf. People v. Olsen*, 2015 IL App (2d) 140267, ¶ 21 (finding no discovery violation where video recording of field sobriety tests never existed). The booking room recording was therefore relevant. Consequently, the trial court erred when it found that the recording was not discoverable. See *Dei v. Tumara Food Mart, Inc.*, 406 Ill. App. 3d 856, 866 (2010) (it is an abuse of discretion for the trial court to deny discovery concerning relevant evidence).

¶ 14    In so holding, we note that our analysis would be the same if these events had not taken place in a booking room, but were nonetheless recorded. This is because, given the typical issues in a rescission hearing, a recording of a field sobriety test or of an officer's recitation of the warning to motorists is likely relevant in any rescission hearing. See, *e.g.*, Pub. Act 98-122, § 935 (eff. Jan. 1, 2014) (adding 625 ILCS 5/11-501.2(a-5)(2) (West 2012)) (providing that "full information" concerning field sobriety testing shall be made available upon request in any civil or criminal proceeding arising from a cannabis-related DUI offense). Here, defendant requested in discovery "the booking room video or DVD"; that recording was relevant (and thus

discoverable) because defendant's field sobriety testing and warning happened to take place in the booking room. See *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 121 (1998) ("a potential litigant owes a duty to take reasonable measures to preserve the integrity of relevant and material evidence").

¶ 15    Accordingly, because the booking room recording was discoverable, a subpoena to obtain the recording was not required. Once defendant filed his Rule 214 motion for discovery and Rule 237 notice to produce, the State was officially on notice to take action to preserve the recording for its eventual production either before trial (pursuant to Rule 214) or at trial (pursuant to Rule 237), or both. See Ill. Rs. Prof. Conduct (2010) R. 3.4(d) (eff. Jan. 1, 2010) (a lawyer must "make reasonably diligent effort to comply with [an opposing party's] legally proper discovery request"). In this regard, the State's overall reliance on *Kladis* is something of a paradox, for in *Kladis*, even under the restrictive scope of criminal discovery, our supreme court said that "upon receiving the written Rule 237 notice to produce the video recording five days after defendant was arrested *** the State was placed on notice and should have taken appropriate steps to ensure that it was preserved." *Kladis*, 2011 IL 110920, ¶ 38; see also *People v. Kladis*, 403 Ill. App. 3d 99, 111 (2010), *aff'd*, 2011 IL 110920 ("upon receiving the written Rule 237 notice to produce, the State was properly on notice of defendant's request for discovery and had a variety of options, including filing an answer, calling the police department and obtaining the tape before it was destroyed or objecting to the written request"). In addition, another paradox inures in the State's effort to cabin the holding in *Kladis* to in-car recordings, as the *Kladis* court was emphatic that, in discovery matters, relevance prevails over rigidity. See *Kladis*, 2011 IL 110920, ¶ 26 ("The State overlooks the nature and relevancy of these discovery items, instead focusing on the incorrect concept that *Schmidt* set forth a rigid list which it believes should remain static and

not take into account the fundamental changes which have occurred in law and society since that ruling."). *Kladis* thus flatly defeats rather than supports the State's position.

¶ 16 The State also contends that any determination that the State had committed a discovery violation would be an unprecedented expansion of the discovery principles applicable to rescission hearings and would be unduly burdensome to the State. We disagree. As noted, the State's argument is predicated on the erroneous assumption that *Schmidt* and *Kladis* limit discovery in rescission cases; again, they do not. See generally *Teller*, 207 Ill. App. 3d at 350. Moreover, there are at least two published decisions from this district, predating *Kladis*, which hold that a defendant in a rescission proceeding is entitled to receive in discovery *audio* recordings that are in the possession of the police and, further, that it is a discovery violation for the State to fail to produce the requested recordings. *E.g.*, *People v. Petty*, 311 Ill. App. 3d 301, 303 (2000); *People v. Schambow*, 305 Ill. App. 3d 763, 767 (1999). We therefore reject the State's assertion that our decision to apply the foregoing principles to a properly requested, relevant, *audio-video* recording would work an expansion of those principles or would be unduly burdensome. *Cf. People v. Aronson*, 408 Ill. App. 3d 946, 953 (2011) (where videotape was missing or destroyed, it was appropriate for the trial court to apply adverse inference against the State in a rescission proceeding that contents of the videotape were favorable to defendant); see also Illinois Pattern Jury Instructions, Civil, No. 5.01 (3d ed. 1994) (adverse inference instruction).

¶ 17 At oral argument, the State suggested that there would have been no true discovery violation if the recording had been destroyed before defendant filed his Rule 214 motion for discovery and Rule 237 notice to produce. The State also suggested that it was defendant's burden to determine when the recording was destroyed. We disagree with both points. For one

2015 IL App (2d) 140859

thing, the State never made either point in its appellate brief and could not raise either issue for the first time at oral argument. See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013). More importantly though, in the trial court, the State never responded to defendant's Rule 214 motion for discovery and Rule 237 notice to produce to indicate that the recording had already been destroyed. It is well settled that when counsel presents his adversary with a Rule 237 notice to produce, absent being served with objections, "he has the right to assume that his opponent has complied." *Bianchi v. Mikhail*, 266 Ill. App. 3d 767, 776 (1994). That the State neither complied with production nor served defendant with objections was completely unacceptable.

¶ 18    We recognize that defendant's Rule 214 motion for discovery and Rule 237 notice to produce were mostly boilerplate and requested a number of additional and likely irrelevant items. The State certainly could have objected to the motion and the notice as overbroad, which would have allowed the trial court to exercise its discretion concerning the requested items. See *Brummett*, 279 Ill. App. 3d at 424 (quoting *Teller*, 207 Ill. App. 3d at 351). Here, however, the State conceded that it received the motion and notice and simply disregarded them. When the State failed to tender the recording or to produce it at the rescission hearing, and defendant moved for sanctions, the burden shifted to the State to show that its noncompliance with defendant's requests "was reasonable or the result of extenuating circumstances." *Government Employees Insurance Co. v. Campbell*, 335 Ill. App. 3d 930, 933 (2002). The State offered no reasonable explanation for its conduct (save for its mistaken belief that the evidence was not discoverable), and its inaction set the stage for the destruction of the requested evidence. Accordingly, the State clearly committed a discovery violation and the trial court erred in finding otherwise.

¶ 19    By no means do we hold today "that the police must videotape everything they do" (*People v. Moises*, 2015 IL App (3d) 140577, ¶ 11) in connection with a driver's summary suspension. However, we do hold that if the police record a driver's field sobriety tests or the officer's recitation of the warning to motorists, *and* the driver timely requests that recording in discovery in his or her rescission case, it should be provided as expeditiously as possible. We therefore vacate the trial court's judgment denying defendant's rescission petition, reverse its order finding that there was no discovery violation, and remand for the trial court to determine the appropriate sanction. On remand, the court need not automatically impose the sanction used in *Kladis*, *viz.*, barring the arresting officer's testimony. Rather, the court is free to exercise its discretion and craft a sanction befitting the situation at hand. *Kladis*, 2011 IL 110920, ¶ 45; *Shimanovsky*, 181 Ill. 2d at 127; *Aronson*, 408 Ill. App. 3d at 953.

¶ 20    Judgment vacated; order reversed; cause remanded with directions.