SECOND DIVISION December 31, 2002 

Nos. 1-01-3429 & 1-01-3430, Consolidated

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellant,

v.

MATTHEW JOHNS, DAMON OVERALL, and

RONALD CHANG,

Defendants-Appellees.

)))))))))

)

)

)

Appeal from the

Circuit Court of

Cook County.

No. 01 CR 3912

No. 01 CR 3913

Honorable

Janice L. Bierman,

Judge Presiding.

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

Defendants Matthew Johns, Damon Overall
(footnote: 1) and Ronald Chang were charged by indictment with drug offenses.  Three days after Overall's arrest, he filed a motion for protective order requesting preservation of any and all transmissions by the police communications section for a period of an hour and a half preceding the defendant's arrest and 2 ½ hours following his arrest – from 6 p.m. to 10 p.m. on the day of his arrest.  On the same day the motion was filed, the trial court signed an order preserving the tape recordings of these transmissions.  The police department failed to produce the recordings from 6 p.m. to 7:25 p.m. as required by the court order, alleging that the contents of the tapes within that time period were destroyed and the tapes were reused.  Subsequently, the trial court entered an order barring the Prospect Heights police department from testifying to any details of the offense involving Overall from the beginning of the time requested on the tapes – 6 p.m. – to the time of the defendant's arrest – 7:25 p.m.  The State filed a certificate of impairment and appealed to this court.  The State alleges on appeal that the trial court abused its discretion when it ruled that the Prospect Heights police officers could not testify about the events prior to the defendant's arrest.

To begin, we first address the trial court's ruling as it applies to defendants Matthew Johns and Ronald Chang.  While the trial court allowed Johns and Chang to join in Overall's motion, neither Johns nor Chang filed a motion for protective order with the court. However, Johns apparently subpoenaed the tape recording as a separate request.  Additionally, neither Johns nor Chang filed a brief with this court.  However, we recognize that we may review this case as it applies to Johns and Chang even where neither defendant has filed a brief with this court.  
Capitol Mortgage Corp. v. Talandis Construction Corp.
, 63 Ill. 2d 128, 345 N.E.2d 493 (1976); 
People v. Miller
, 212 Ill. App. 3d 195, 199, 570 N.E.2d 1202 (1991).
 
 Having reviewed the record in its entirety, it is clear that the trial court did not enter any order precluding testimony as to Johns.  Therefore, we enter no order as to Johns.  We do find, however, that the trial court abused its discretion by allowing Chang to join in Overall's motion.  We, therefore, vacate the decision of the trial court as to Chang where he never made a discovery request to preserve the tape recording.  

As to Overall, the record shows he was arrested in Prospect Heights on October 27, 2000, at 7:25 p.m.  He was charged with four counts of possession of a controlled substance with intent to deliver.  On October 30, 2000, he filed a motion for protective order.  In that motion, he requested that the Prospect Heights police department preserve, retain and protect all tapes, transcriptions and summaries of any and all communications received by the department communications section on October 27, 2000, between the hours of 6 p.m. and 10 p.m.  The court signed the order for preservation of evidence the same day.  On the tapes tendered to the defendant pursuant to the court order, the portion of the tapes from 6 p.m. to 7:25 p.m. had been destroyed.  Overall filed a motion for a rule to show cause and sanctions on May 10, 2001, because of the erased portion of the tape.

At the hearing on the defendant's motion for a rule to show cause and sanctions, the State argued that the officers would testify that the first recorded radio communication regarding Overall occurred sometime after 7:25 p.m.
 on the day of his arrest.  The State therefore argued that there was essentially nothing material to preserve.  After hearing from defense counsel and the State, the trial court held the following: "It is my ruling that I am not imposing any sanctions, I am not holding anybody in contempt, but that I will preclude the testimony of the Prospect Heights Police Department or anything that would be on that tape, and I presume it would only be the Prospect Heights Police Department, from the time of that tape backwards to six p.m."  The court denied the State's motion for reconsideration.  The State filed a certificate of substantial impairment and appealed to this court.

The State argues that the trial court abused its discretion by precluding the Prospect Heights police officers from testifying about events prior to 7:25 p.m. on the night of the defendant's arrest, October 27, 2000.  The State asks us to treat this issue as a trial court granting a motion 
in
 
limine
.  A motion 
in
 
limine
 goes to the trial court's power to admit or exclude evidence at trial.  We will not disturb a trial court's ruling on a motion 
in
 
limine
 absent an abuse of discretion.  
People v. Holman
, 257 Ill. App. 3d 1031, 1033, 630 N.E.2d 154 (1994).  In his brief, the defendant argues that the trial court's ruling should be treated by this court as the imposition of a sanction for violation of a discovery rule.  Supreme Court Rule 415 (134 Ill. 2d R. 415) provides sanctions for discovery rule violations.  The court can order disclosure, grant a continuance, exclude evidence, or enter such other order as it deems just.  134 Ill. 2d R. 415.  The sanction to be applied is left to the discretion of the trial court.  
People v. Stewart
, 227 Ill. App. 3d 26, 28, 590 N.E.2d 931 (1992).  Both parties agree on the standard of review.  We agree with the defendant, however, that sanctions are a proper remedy for a violation of a court order and we find that the facts in the instant case are akin to sanctions imposed for a discovery violation.

The State relies upon 
In re C.J., 
166 Ill. 2d 264, 652 N.E.2d 315 (1995), which in turn cites to
 Arizona v. Youngblood
, 488 U.S. 51, 102 L. Ed. 2d 281
, 109 S. Ct. 333 (1988), for the proposition that unless a defendant can show bad faith on the part of the State, the failure to preserve potentially useful evidence does not constitute a denial of due process of law. 
 
In re C.J.,
 166 Ill. 2d at 273. 
 In 
In re C.J.
, the State filed a petition for adjudication of wardship of C.J.  Based upon a report by the Department of Children and Family Services (DCFS), the petition alleged that 12-year-old C.J. committed a sexual assault on his 3-year-old cousin.  While the State was seeking to have C.J. adjudicated as a minor, DCFS advised C.J.'s parents that the report of suspected abuse was "unfounded."  C.J. then subpoenaed the "unfounded" report records from DCFS.  When the agency failed to respond, C.J. asked the court to order the State to produce all records regarding the investigation.  An attorney for DCFS informed the court that unless a request by the alleged abuser to retain reports is made, such reports are routinely expunged and, according to the attorney, DCFS had not received such a request.  
In re C.J.
, 166 Ill. 2d at 266-67.  The trial court found that the State's failure to comply with the discovery request denied C.J. due process.  As a sanction, the trial court dismissed the State's petition for wardship.  The State appealed.  The appellate court found that DCFS was acting as a prosecutorial agent for the State and, thus, the loss or destruction of the requested records constituted a denial of the respondent's due process rights.  
In re C.J.
, 166 Ill. 2d at 267-68.  The Illinois Supreme Court rejected the conclusion of the appellate court that DCFS functioned as an aid in the prosecution of the case.  Additionally, the supreme court found that the requested documents were lost or destroyed and that the defendant failed to demonstrate any bad faith on the part of the State.  The court held that the destruction of evidence did not constitute a deprivation of the respondent's due process rights and reversed the decision of the appellate court and trial court.  
In re C.J.
, 166 Ill. 2d at 270-74.  In the instant case, the State's reliance on 
In re C.J.
 is misplaced because no order was entered preserving the discoverable materials as it was here.  Moreover, because the facts and circumstances of 
In re C.J.
 bear no resemblance to the case presented to this court, we do not find 
In re C.J.
 instructive or helpful to us in our review.  See also 
People v. Barksdale
, 327 Ill. App. 3d 422, 762 N.E.2d 669 (2001) (on a due process rights violation claim, defendant was required to show that evidence destroyed while in police custody was destroyed in bad faith).

We also note that here the trial court did not dismiss the indictment based upon a due process violation but rather entered a limited sanction for the violation of the court's previous order.  The Illinois Supreme Court, in 
People v. Newberry
, 166 Ill. 2d 310, 652 N.E.2d 288 (1995), held that no showing of bad faith by the State is required in situations where evidence has been destroyed following a discovery violation.  
Newberry
, 166 Ill. 2d at 318.  

In 
People v. Koutsakis
, 255 Ill. App. 3d 306, 627 N.E.2d 388 (1993), the defendant was indicted on drug charges stemming from a traffic stop.  Koutsakis filed a motion for discovery requesting the tape recording of radio transmissions made by the police who stopped and searched his vehicle.  The request was filed 28 days after the defendant's arrest.  The State did not produce the tape and destroyed the tape two days after it received the request.  The court sanctioned the State by entering an order limiting the testimony of the police officers involved in the stop and search of the defendant's vehicle.  
Koutsakis
, 255 Ill. App. 3d at 307.  The attorney for the police informed the court that tapes used to record police communication are destroyed every month.  The requested tape was destroyed under the routine procedures.  
Koutsakis
, 255 Ill. App. 3d at 309.  At the hearing, the court concluded that the tape was not intentionally destroyed by the State, but that sanctions against the State were appropriate.  The court ordered a limited sanction against the State.  The sanction imposed prevented the police officers from testifying to details concerning the stop of the defendant's vehicle.  
Koutsakis
, 255 Ill. App. 3d at 309-10.  The appellate court noted that the trial court may impose any sanction that it deems appropriate in the event of a discovery violation.  The court pointed out that the State relied on 
Arizona v. Youngblood
 and argued that a defendant seeking sanctions based upon the destruction of evidence must show bad faith on the part of the State.  The 
Koutsakis
 court found 
Youngblood
 distinguishable in that the defendant in 
Youngblood
 had not requested the production of evidence prior to its destruction by the State.  In light of that distinction, the trial court in 
Koutsakis
 did not abuse its discretion by imposing sanctions against the State, even where the discovery violation was found to be inadvertent.  
Koutsakis
, 255 Ill. App. 3d at 312.  

We find the same to be true in the instant case.  Here, the defendant requested the tapes three days following the defendant's arrest.  The State does not deny that the tapes existed at that time.  The State merely argues that there was nothing of value on the tapes prior to 7:25 p.m.  Additionally, in 
Koutsakis
, as in the instant case, the court did not completely bar the testimony of the witnesses; the court limited the testimony of the police officers to the time and contents of the recording that the State failed to provide.  "[A] trial court may properly fashion a sanction for a discovery violation when it is proportionate to the magnitude of the violation."  
Koutsakis
, 255 Ill. App. 3d at 314.

The State also relies upon 
People v. Petty
, 311 Ill. App. 3d 301, 724 N.E.2d 1059 (2000).  In that case, the defendant was charged with driving under the influence of alcohol.  Before granting the defendant's motion to suppress evidence and quash arrest, the trial court barred the arresting officer from testifying because the police inadvertently erased the requested tape recording of the defendant's arrest.  The State appealed.  While the defendant moved for discovery of the tape recording, the defendant did not subpoena the recording.  Additionally, the defendant did not request and the trial court did not issue an order to preserve the evidence.  
Petty
, 311 Ill. App. 3d at 302.  The appellate court found that the trial court abused its discretion when it completely barred the testimony of the arresting officer and held that a more appropriate sanction would have been to limit the testimony of the officer.  "Such a sanction would have been more proportional to the magnitude of the discovery violation."  
Petty
, 311 Ill. App. 3d at 304.  

In the instant case, the defendant filed a motion for protective order three days following his arrest.  In that order, the defendant requested preservation and retention of all police recordings and communication from 6 p.m. to 10 p.m. on the day of his arrest.  On the day the defendant filed the motion, the trial court signed the order for preservation of evidence.  Unlike the defendant in 
Petty
, here the defendant was diligent and specific in his request.  Moreover, the court below issued a limited sanction.  In 
Petty
, the trial court completely barred the testimony of the arresting officer.  Here, the "magnitude" of the violation was a violation of a court order and we find the sanction imposed by the court below "proportional" to this violation.  

The State argues that a more appropriate sanction would have been to allow the Prospect Heights police officers to testify to what they observed of the defendant's actions prior to defendant being arrested, but not allow them to testify to any information that would have been included on the tape.  To adopt the reasoning presented by the State would be to effectively impose no sanction at all.  We agree with the defendant that the sanction was not a complete bar but a limitation in that the officer could have testified to what happened after 7:25 p.m.  We conclude that the court imposed an appropriate sanction for a violation of a specific court order.  Under the circumstances presented, we cannot say that the trial court abused its discretion in barring the testimony of the police officers for that time period during which the requested tapes were destroyed.  Therefore, we affirm the decision of the trial court as to defendant Overall, we vacate the order of the trial court as to defendant Chang, and we enter no order as to defendant Johns.

Affirmed in part and vacated in part.

CAHILL and BURKE, JJ., concur.

FOOTNOTES
1:  
We note that throughout the common law record, the defendant's name is also spelled "Overal."