THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD PETTY, Defendant-Appellee.

Second District    No. 2—98—1291

Opinion filed February 10, 2000.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

James R. Doerr, of Ramsell & Armamentos, of Wheaton, for appellee.

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Richard Petty, was charged with driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 1998)) and failing to signal (625 ILCS 5/11—804(a) (West 1998)). The State appeals the trial court's order granting defendant's motion to quash the arrest and suppress evidence. Before granting the motion, the court barred the arresting officer from testifying because the police inadvertently erased the requested audiotape recording of defendant's arrest. On appeal, the State argues that the trial court abused its discretion because it could have imposed a less oppressive discovery sanction. We reverse the trial court's order and remand the cause.

On February 8, 1998, an anonymous source reported that someone under the influence of alcohol was driving a vehicle matching the description of defendant's car. The Kane County sheriff's office informed Elburn police officer Michael Schoo of the tip. The record suggests that Officer Schoo stopped defendant after he observed defendant fail to signal before turning.

The State concedes that the anonymous tip and subsequent dispatch were recorded. Although defendant failed to subpoena the recordings, he moved for discovery of the audiotapes under Supreme Court Rule 237 (134 Ill. 2d R. 237) and the Code of Criminal Procedure of 1963 (725 ILCS 5/114—13 (West 1998)) and petitioned to rescind the statutory summary suspension of his driving privileges. The State responded that the tapes had been inadvertently erased after defendant moved for discovery. The trial court granted defendant's

subsequent motion to quash the arrest and suppress all of Officer Schoo's testimony from further proceedings.

On appeal, the State argues that the trial court abused its discretion when it sanctioned the State by barring the arresting officer from testifying. The State contends that we should excuse the inadvertent destruction of the audiotapes because (1) the trial court based its decision on a nonprecedential order, (2) the court could have limited the officer's testimony to matters not contained in the audiotapes, and (3) defendant failed to subpoena the tapes pursuant to the rules of misdemeanor discovery. Because we agree with the State's first two arguments, we do not address the third.

■ Both the parties and the trial court considered whether *People v. Karl*, No. 1—96—3485 (1998) (unpublished order under Supreme Court Rule 23) applies to this case. The trial court found that *Karl* required the suppression of the arresting officer's testimony. However, it was improper for the trial court to rely on *Karl* and to permit the parties to cite that case as authority. See *People v. Schambow*, 305 Ill. App. 3d 763, 766 (1999). Supreme Court Rule 23(e) provides that an unpublished order of an appellate court "is not precedential and may not be cited by any party." 166 Ill. 2d R. 23(e). Rule 23 orders have no precedential value and may be invoked only to support contentions such as double jeopardy, *res judicata*, collateral estoppel, and law of the case. *Schambow*, 305 Ill. App. 3d at 766. Therefore, we do not consider *Karl* and instead engage in an independent legal analysis of the issues. See *Schambow*, 305 Ill. App. 3d at 766.

■ Defendant responds that, even if *Karl* does not govern this case, the trial court did not abuse its discretion when it barred the officer from testifying. However, defendant cites no case with similar facts that supports his contention. The goals of discovery are to eliminate surprise and unfairness and to afford an opportunity to investigate. *People v. Rubino*, 305 Ill. App. 3d 85, 87 (1999). Discovery sanctions are designed to further these goals and to compel compliance rather than to punish. *Rubino*, 305 Ill. App. 3d at 87. However, harsh sanctions, such as the exclusion of evidence, may be warranted where the defendant is denied a full opportunity to prepare his defense and make tactical decisions with the aid of the information that was withheld. *People v. Leon*, 306 Ill. App. 3d 707, 713-14 (1999).

In *Schambow*, the defendant was charged with DUI, and the Secretary of State summarily suspended his driving privileges. The trial court rescinded the suspension as a discovery sanction after the State inadvertently destroyed a subpoenaed audiotape of radio communications between the arresting officer and the police headquarters. This court reversed the rescission, concluding that a less oppressive

discovery sanction was available that would have permitted a hearing on the merits without prejudicing the defendant. *Schambow*, 305 Ill. App. 3d at 769.

We conclude that the court abused its discretion when it completely barred Officer Schoo from testifying at the hearing on defendant's motion to quash the arrest and suppress evidence. The Appellate Court, Third District, has held that the appropriate sanction for the State's failure to produce requested audiotapes is to preclude the arresting officer from testifying about matters that may have been included on the tapes. *People v. Koutsakis*, 255 Ill. App. 3d 306, 313-14 (1993). In this case, the trial court could have precluded the officer from testifying about his conversations with the dispatcher and limited the testimony to the officer's observations of defendant. Such a sanction would have been more proportional to the magnitude of the discovery violation. See *Schambow*, 305 Ill. App. 3d at 769.

For these reasons, the order of the circuit court of Kane County is reversed, and the cause is remanded.

Reversed and remanded.

THOMAS and GALASSO, JJ., concur.