FOURTH DIVISION
July 22, 2010

No. 1-09-0686

THE PEOPLE OF THE STATE OF ILLINOIS,  ) Appeal from the
                 ) Circuit Court of
    Plaintiff-Appellant,     ) Cook County
                 )
    v.            ) No. YM408550
                 )
MARINA KLADIS,       ) Honorable
                 ) William H. Wise
    Defendant-Appellee.    ) Judge Presiding.

PRESIDING JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Defendant was charged with violating section 11-501(a)(2) of the Illinois Vehicle Code

(625 ILCS 5/11-501(a)(2)(West 2006)), which states that "[a] person shall not drive or be in

actual physical control of any vehicle within this State while under the influence of alcohol." 625

ILCS 5/11-501(a)(2)(West 2006). Plaintiff, the People of the State of Illinois, pursuant to Illinois

Supreme Court Rule 604(a)(1) (210 Ill. 2d R. 604(a)(1)), appeals the circuit court's decision

granting the motion of defendant, Marina Kladis for sanctions against the State for destroying the

in-car videotape of defendant's arrest for driving under the influence of alcohol. (DUI).

The videotape was destroyed by the Northlake Police Department after the defendant

requested that it be produced. The circuit court barred the State from introducing the testimony of

the arresting officer for the time period contained on the videotape. The issue is whether the trial

court abused its discretion in partially barring the testimony of the arresting officer in the

criminal case as a sanction for the destruction of the videotape after the State was served with

1-09-0686

defendant's Supreme Court Rule 237 written notice to produce the videotape (166 Ill. 2d R. 237). We affirm.

BACKGROUND

On May 3, 2008, defendant was arrested for driving under the influence of alcohol (DUI). As a result of defendant failing to submit to a Breathalyzer test, the arresting officer notified her of her statutory summary license suspension. Defendant was ultimately cited with speeding and driving an uninsured vehicle, as well as DUI.

Five days after her arrest, on May 8, 2008, defendant filed a petition to rescind the statutory summary suspension of her driver's license. She also filed a motion to quash arrest and suppress evidence, contending that the arresting officer did not have probable cause to arrest her. In addition, defendant filed a notice to produce, pursuant to Illinois Supreme Court Rule 237 (166 Ill. 2d R. 237). This notice commanded the State to produce, at the start of the summary suspension hearing, the arresting officer, all his arrest reports, a copy of defendant's driving abstract, a copy of the arresting officer's sworn report, and all police radio transmissions and videotapes that pertained to defendant's detention and arrest. The notice to produce was hand delivered by the defense to the State's Attorney's office. Defendant did not subpoena the videotapes from the police department.

On June 3, 2008, at approximately 1:30 p.m., the parties appeared for the first court date. The defendant was ready to proceed on the petition to rescind the summary suspension of her driver's license. The State had not yet produced the requested materials and defendant made an oral motion for discovery under *People v. Schmidt*, 56 Ill. 2d 572 (1974), including any

2

videotapes. Not all police cars have a video recording device, so the State asked the arresting officer whether there was a videotape. The officer informed the State that there was a videotape created on the date of defendant's arrest. The videotape at issue came from an in-car camera that was mounted to the windshield of Officer Phillip Gaske's car and recorded the defendant's arrest. The State agreed to produce the requested materials and made no objection to producing the videotape without a subpoena. As a result of this agreement by the State, the court did not enter an order requiring production of the videotape. The court continued the matter to June 17, 2008.

At the time of the June 3, 2008, court proceeding, the State was not aware that the videotape had already been destroyed by the Northlake Police Department earlier that same day, at 4:24 a.m. Although as early as May 8, 2008, the State was on notice of the request for the videotape, it had not communicated with the police department regarding the request and had not instructed the department to preserve the videotape. After the court proceeding, on June 3, 2008, the State, consistent with its agreement to produce the requested materials, mailed the request for any videotape of defendant's arrest to the Northlake Police Department.

At the second court date, on June 17, 2008, the State tendered defendant two pages of the Northlake Police Department's business records. The records indicated that the Northlake Police Department had searched its video archives in an attempt to retrieve the in-car videotape, but the videotape had been automatically purged after 30 days. In view of the unavailability of the requested evidence, and considering the fact that, but for its absence, defendant would have been ready to proceed on a hearing on her petition to rescind the statutory summary suspension of her driver's license, the court entered an order granting her leave to file a motion for sanctions. The

3

court scheduled a hearing on the motion and further ordered that the hearing on the petition to rescind the statutory summary suspension would proceed on the same date, after the court ruled on the motion for sanctions.

On June 26, 2008, the court held a hearing on the motion for sanctions. The trial judge noted that he had read all of the pleadings, documents, notices, motions, and responses, and had done the research in its entirety on the question before the court. The parties entered into an oral stipulation as to the following facts:

(1) on May 3, 2008, at approximately 11:06 p.m. a traffic stop ensued;

(2) defendant was subsequently charged with a DUI;

(3) on May 8, 2008, defendant filed a petition to rescind the statutory summary suspension of her driver's license and hand delivered it to the State's Attorney's office;

(4) attached to that petition was a notice to produce pursuant to Supreme Court Rule 237 (166 Ill. 2d R. 237);

(5) the first court date was June 3, 2008, at 1:30 p.m. at which time defendant made an oral motion for discovery including the videotape under *People v. Schmidt*, 56 Ill. 2d 572 (1974);

(6) the State asked the arresting officer whether there was a videotape made and the officer confirmed that he had made a videotape;

(7) the State agreed to mail discovery, including the videotape, to defendant;

(8) the summary suspension hearing was entered and continued by agreement to June 17, 2008;

(9) discovery was subsequently mailed and received by defendant, but no videotape was

received;

(10) at the scheduled court hearing of June 17, 2008,  the State tendered to defendant two pages of business records from the Northlake Police Department stating the videotape had been purged on June 3, 2008, at 4:24 a.m.;

(11) at that time, defendant made a motion for a substitution of judge, which was granted;

(12) the case was transferred and defendant made an oral motion for sanctions, and asked leave of court to file a written motion, which was filed on June 20, 2008.

The hearing on the "Motion for Sanctions and Petition to Rescind Statutory Summary Suspension" was conducted on June 26, 2008.  After hearing arguments from both sides on defendant's motion for sanctions, the court stated  " the trial assistants have so much work to do and so many cases to handle, that I don't find any bad faith here."  However, the court found that the State was on notice to produce as the result of the Rule 237 request, which it construed as a motion for discovery, and found the destruction of the videotape was a discovery violation.  The court further indicated that under case law, appropriate sanctions can be imposed even where the discovery violation is inadvertent, which the court noted it found in the instant case.  The court also recognized that it had discretion in determining the appropriate sanction.

In imposing a sanction the court ruled that, for the purpose of the petition to rescind the statutory summary suspension, no testimony would be allowed concerning what was contained on the videotape.  The court ruled that the bar on testimony included the time period from "five seconds of what the car was doing prior to the actual stop" before the arresting officer activated his emergency lights until the time defendant was formally placed under arrest.  The court further

identified the testimony not subject to that sanction exclusion that would be admissible which included the arresting officer's observations any time before the beginning of that time period and any actions after defendant was formally placed under arrest.

Defendant then presented her case on the petition to rescind the summary suspension of her driver's license. Defendant and Officer Gaske testified. The State presented no witnesses. The State conducted a brief cross-examination of Officer Gaske, but did not establish whether Officer Gaske observed defendant operate the motor vehicle before the period of time captured on the videotape. The record does not reflect whether Officer Gaske made any observations of defendant or had any conversation with her after the time period captured on the videotape. The trial court granted defendant's petition to rescind the statutory summary suspension. The State filed a notice of appeal for both the sanctions order and the rescission of defendant's summary suspension. The case was continued for a hearing on defendant's motion for sanctions on the criminal case, motion to quash arrest and suppress evidence, as well as for trial on the criminal case.

At that hearing the parties initially addressed whether the court would impose the same sanctions order in the criminal case that it had imposed after the hearing on the civil petition to rescind the summary suspension of defendant's driver's license. The court agreed with the State that an order imposing the same sanctions in the criminal case would implicate a ruling on defendant's motion to quash arrest and suppress evidence which would substantially impair the State from going to trial.

The parties then stipulated that testimony from the June 26, 2008, hearing on defendant's

"Motion for Sanctions and Petition to Rescind Statutory Summary Suspension" would be the same testimony as to the defendant's "Motion for Sanctions" in the criminal case. The court granted the defendant's motion for sanctions. The sanctions order in the criminal case mirrored the order entered by the court in the civil case. In the criminal case, the trial judge ruled as follows:

"So my ruling will be exactly the same. I have no evidence different here, that the Motion for Sanctions pertaining to the case in chief will be granted, the video may not be used, or any testimony regarding what is on the video pertaining to just before the officer stopped the defendant and the time that the defendant was placed in the squad car, which would mean anything that happened on the street prior to her being placed in the squad car. If there was something that she did in the squad car or anything else after that when she got out of the squad car at the police station, or anything that happened in the police station pertaining to this matter which is relevant it will be admitted into evidence."

The State then filed this appeal challenging the court's sanction order in the criminal case. The State voluntarily dismissed its earlier appeal in the civil case regarding the ruling on the motion for sanctions and the ruling on the statutory summary suspension.

## ANALYSIS

The issue before this court is whether the trial court's sanction order entered in the criminal misdemeanor case against the State for destruction of evidence was an abuse of discretion. A trial court's decision to impose sanctions is reviewed under an abuse of discretion standard. *People v. Schambow*, 305 Ill. App. 3d 763, 766 (1999). A trial court abuses its

discretion when its decision is "fanciful, arbitrary, or unreasonable to the degree that no reasonable person would agree with it." *People v. Ortega*, 209 Ill. 2d 354, 359 (2004). Defendant did not file a brief. The State's brief and record are sufficient to resolve this appeal; accordingly, we consider the merits of the appeal. *People v. Schambow*, 305 Ill. App. 3d at 766.

A. Discovery Violation

A discovery violation may be analyzed in one of two ways. It can be analyzed as a due process violation under *Arizona v. Youngblood,* 488 U.S. 51, 58, 102 L. Ed. 2d 281, 289, 109 S. Ct. 333, 337 (1988), or under Illinois Supreme Court Rule 415(g)(I). The Supreme Court of the United States in *Illinois v. Fisher* made it clear that when evidence is potentially useful, but not material exculpatory evidence, then failure to preserve potentially useful evidence does not violate due process unless the defendant can show bad faith by the prosecution. *Illinois v. Fisher,* 540 U.S. 544, 548-659, 157 L. Ed. 2d 1060, 1066-1067, 1254 S. Ct. 1201, 1202-1203 (2004). However, to establish a discovery violation under Illinois Supreme Court Rule 415(g)(I) it is only required to show that " a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto." 134 Ill. 3d R. 415(g)(I).

In challenging the trial court's use of discretion in finding a discovery violation and excluding some of the evidence, the State relies primarily on cases discussing whether destruction of evidence violated due process. Relying on a due process analysis, the State contends that because the defendant failed to show that the State acted in bad faith or that the destroyed videotape was material exculpatory evidence, the trial court abused its discretion by imposing a sanction order excluding some of the prosecution's evidence.

1-09-0686

Regarding the due process analysis, we find *Illinois v. Fisher*, 540 U.S. 544, 157 L. Ed. 2d 1060, 124 S. Ct.1206 (2004), instructive. In *Fisher* defendant was charged with possession of cocaine and filed a discovery motion for all physical evidence the State intended to use at trial. *Fisher*, 540 U.S. at 545, 157 L. Ed. 2d at 1064, 124 S. Ct. at 1201. After defendant was released on bond, he became a fugitive for 10 years. *Fisher,* 540 U.S. at 545, 157 L. Ed. 2d at 1064, 124 S. Ct. at 1201. He was eventually arrested and before trial the defendant learned that the police destroyed the substance seized from him 10 years earlier. *Fisher,* 540 U.S. at 546, 157 L. Ed. 2d at 1065, 124 S. Ct. at 1201. The trial court denied the defendant's motion to dismiss and a jury found him guilty. *Fisher*, 540 U.S. at 546, 157 L. Ed. 2d at 1065, 124 S. Ct. at 1201.

The appellate court reversed the conviction, finding no evidence of bad faith, but concluding the destroyed evidence was the defendant's only hope of exoneration and was essential to the outcome of the case. *Fisher*, 540 U.S. at 546-47, 157 L. Ed. 2d at 1065, 124 S. Ct. at 1201. The appellate court did not address whether there was a discovery violation independent from a due process analysis; rather, the court reversed the conviction based upon a finding that defendant was denied due process. *Fisher*, 540 U.S. at 547, 157 L. Ed. 2d at 1065, 124 S. Ct. at 1201. The Illinois Supreme Court denied leave to appeal, however, the United States Supreme Court granted the State's petition for *certiorari*. *Fisher*, 540 U.S. at 545, 157 L. Ed. 2d at 1064, 124 S. Ct. at 1200.

The Supreme Court of the United States in *Fisher* disagreed with the appellate court's conclusion that defendant had to show bad faith by the State because *Fisher* found the substance seized from defendant was not material exculpatory evidence but merely potentially useful

9

evidence. *Fisher*, 540 U.S. at 548, 157 L. Ed. 2d at 1066, 124 S. Ct. at 1202. *Fisher* made it clear that when evidence is potentially useful, but not material exculpatory evidence, then failure to preserve potentially useful evidence does not violate due process unless the defendant can show bad faith. *Fisher,* 540 U.S. at 548-49, 157 L. Ed. 2d at 1066-67, 124 S. Ct. at 1202-03.

Before the ruling in *Fisher,* the Illinois Supreme Court case of *People v. Newberry* was one of the leading cases in Illinois addressing the prerequisites for demonstrating a due process violation when evidence was destroyed by the State. *People v. Newberry*, 166 Ill. 2d 310, 317 (1995). In *Newberry,* the police destroyed evidence after defense counsel had requested it in a discovery motion. The Illinois Supreme Court in *Newberry* found that where the State was on notice by such a discovery request, the defense did not have to show bad faith or that the evidence had exculpatory value to establish a due process violation. *People v. Newberry*, 166 Ill. 2d at 317.

The United States Supreme Court in *Fisher*, under its due process analysis, discussed the issue of bad faith and brushed aside the significance that *Newberry* placed on the discovery request. Under a due process analysis, the Court in *Fisher* noted that "[w]e have never held or suggested that the existence of a pending discovery request eliminates the necessity of showing bad faith on the part of police." *Fisher*, 540 U.S. at 548, 157 L. Ed. 2d at 1066, 124 S. Ct. at 1202.

The impact of *Fisher* on *Newberry* was discussed in *People v. Kizer*, 365 Ill. App. 3d 949, 959-61 (2006). In *Kizer*, the court applied the *Fisher* due process analysis to a felony DUI case and concluded that without bad faith by the prosecution, no sanction for destroying evidence

that was potentially useful evidence, not material exculpatory evidence, was required. *People v. Kizer*, 365 Ill. App. 3d at 959-61. *Kizer* noted that *Fisher* supercedes *Newberry* regarding application of the due process clause in cases involving the destruction of evidence by the State. *People v. Kizer*, 365 Ill. App. 3d at 960-61.

We need not determine whether the State's destruction of evidence in the instant case violated due process because the trial court found a discovery violation independent of a due process analysis. We next consider whether the trial court abused its discretion in finding a discovery violation.

In deciding whether a discovery violation occurred, the trial court discussed the principles articulated in *People v. Koutsakis*, 255 Ill. App. 3d 306 (1993). In *Koutsakis,* the defendant was stopped while driving on Interstate 80 in Bureau County and after a search of his vehicle he was charged with the felony of cannabis trafficking. Koutsakis filed a motion for discovery for the tape of any radio transmissions between the State Police officers who conducted the investigation leading up to his arrest. The court ordered production of the tape; however, after defendant's discovery request, but before the court order to produce, the tape was destroyed by the State Police as part of their 31-day recycling process. In *Koutsakis,* the court noted that the tape was requested by Koutsakis before the State destroyed it and held that the State was required by Rule 412 to produce the tape when Koutsakis requested it in his written motion for pretrial discovery. *Koutsakis*, 255 Ill. App. 3d at 311.

The court in *Koutsakis* rejected the State's argument that the defendant was required to demonstrate the requested tape was material to the case and favorable to him as follows:

11

1-09-0686

"The State relies on subsection (h) of Supreme Court Rule 412, which requires a showing

of materiality before a court may order the disclosure of information to defense counsel.

However, subsection (h) only applies to material and information 'not covered by this

rule.' (134 Ill. 2d R. 412(h).) We agree with Koutsakis' argument that the requested tape

is covered by Rule 412." *Koutsakis*, 255 Ill. App. 3d at 310.

The court in *Koutsakis* noted that Rule 412 provided that the State shall upon written

motion of defense counsel disclose recorded statements of witnesses it intends to call. *Koutsakis*,

255 Ill. App. 3d at 310-11. *Koutsakis* further noted that "where there is a request for specific

evidence, a defendant does not need to show the exculpatory value of the evidence because the

specific request puts the State on notice to preserve the evidence." (Emphasis omitted.)

*Koutsakis*, 255 Ill. App. 3d at 311 (and cases cited therein). Additionally relying on subsection

(f) of Rule 412, which provides that "the prosecution has the duty to ensure that a flow of

information is maintained between various investigative personnel and its office sufficient to

place within its possession or control all material and information relevant to the accused," the

court in *Koutsakis* found the State violated Rule 412 when it failed to produce the requested tape.

*Koutsakis*, 255 Ill. App. 3d at 311.

Applying Rule 415, the court in *Koutsakis* noted that sanctions were proper even where

the discovery violation was inadvertent. *Koutsakis*, 255 Ill. App. 3d at 311-12 (and cases cited

therein). *Koutsakis* concluded that the trial court's sanction to limit the testimony of the police

officers involved in the stop and search by precluding testimony concerning matters on the tape

was an appropriate sanction even though there had been no showing of bad faith on the part of

12

the State. *Koutsakis*, 255 Ill. App. 3d at 314.

The trial court in the instant case after discussing *Koutsakis* indicated as follows:

"I do think that police departments should be educated by their legal representatives so that this will not constantly happen. This is the third case I have had like this in three weeks. And they're all different police departments.

I find the State was given notice, and that–whether it's under the Code of Civil Procedure or whether it is – it isn't, in my opinion that could be construed as a motion for discovery."

The court further indicated that it found no fault with the officer in this case or with the State's Attorney's office. However, the court noted that the tape would have been used during the summary suspension hearing or during the case in chief and either way "what was on that video is an important piece of evidence." The court concluded:

"So the Court rules as follows: pursuant to the case law and pursuant to my discretion, I feel that was something that should have been tendered to the defendant. The police department had ample notice; yet, they destroyed it.

\* \* \*

Based upon the case law and based upon what I said, I will enter sanctions."

We are mindful that *Koutsakis* is a felony case, relying on supreme court rules pertaining to discovery in felony cases. Accordingly, it provides limited guidance in answering the question as to whether the court abused its discretion by imposing sanctions for a discovery violation in

the factual context of the evidence destruction that occurred in this misdemeanor DUI case. We note that discovery is more limited in misdemeanor cases. See *People v. Schmidt*, 56 Ill. 2d 572 (1974).

In the instant case, in addition to the Rule 237 notice to produce, defense counsel on the first court date made a motion for discovery under *People v. Schmidt*, 56 Ill. 2d at 575. We find *Schmidt* provides instruction as to the limited scope of discovery in a misdemeanor case. At issue in *Schmidt* was the scope of discovery in a misdemeanor DUI case. In *Schmidt,* the State made a videotape available prior to trial and only the police report requested by the defendant was at issue in pretrial discovery. *Schmidt*, 56 Ill. 2d at 573. The State argued the police report was not subject to pretrial discovery; however, the State agreed to produce it at trial for impeachment purposes. *Schmidt*, 56 Ill. 2d at 573. When the State refused to comply with a court order to produce the report prior to trial, the trial court entered an order excluding all information in the report from being used at trial. *Schmidt*, 56 Ill. 2d at 573. The appellate court reversed, and the supreme court affirmed the appellate court. *Schmidt*, 56 Ill. 2d at 574-75

In *Schmidt*, the trial court commented that it believed the Illinois Supreme Court would ultimately extend application of the discovery rules to misdemeanor cases. *Schmidt*, 56 Ill. 2d at 574. The Illinois Supreme Court in *Schmidt* did not agree with the trial court that defendants in misdemeanor and felony cases were entitled to the same discovery. However, *Schmidt* did conclude that the State was required to furnish defendants some limited discovery in misdemeanor cases. *Schmidt*, 56 Ill. 2d at 575.

The court in *Schmidt* delineated misdemeanor discovery as follows:

"The State is required to furnish defendants in misdemeanor cases with a list of witnesses (Ill. Rev. Stat. 1971, ch. 38, par. 114-9), any confession of the defendant (Ill. Rev. Stat. 1971, ch. 38, par. 114-10), evidence negating the defendant's guilt (*Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 [1963]), and, in this particular case, the results of the breathalyzer test (Ill. Rev. Stat. 1971, ch. 951/2, par. 11-501(g)). Additionally, the [police] report which the defendant seeks will be available at trial for use in impeachment of the prosecution witness who prepared it.  (*People v. Cagle*, 41 Ill. 2d 528 [1969].)  At the time of adoption of the 1971 rules we believed adequate for the lesser offenses the discovery provided by case law and statute, and we see no reason to depart from that view now." *Schmidt*, 56 Ill. 2d at 575.

The *Schmidt* court believed that the discovery it required the State to furnish, together with the discovery provided by case law and statute, was adequate discovery for misdemeanor cases. *Schmidt*, 56 Ill. 2d at 575.

Since the *Schmidt* principles were articulated in 1974, case law has provided very little instruction as to their application in misdemeanor cases.  As previously noted, *People v. Kizer* addressed application of due process to a felony DUI and concluded that without bad faith by the State, destruction of evidence did not violate due process.  *People v. Kizer*, 365 Ill. App 3d 949, 960-61 (2006).  *People v. Koutsakis* addressed application of the Illinois Supreme Court discovery rules to destruction of evidence in a felony cannabis trafficking case and concluded inadvertent destruction of evidence violated Rule 412.  *Koutsakis*, 255 Ill. App. 3d at 311. *People v. Schambow*, 305 Ill. App. 3d 763 (1999), and *People v. Petty*, 311 Ill. App. 3d 301

(2000), recognized that in the context of a rescission hearing a discovery violation can occur in a misdemeanor DUI case when audiotapes made during the arrest are inadvertently destroyed by the police; however, both cases found the sanctions imposed were not proportional to the magnitude of the discovery violation. *People v. Schambow*, 305 Ill. App. 3d at 768-69; *People v. Petty*, 311 Ill. App. 3d at 303-04. *People v. Petru*, 52 Ill. App. 3d 676 (1977), addressed imposing sanctions in a misdemeanor case for a discovery violation which did not involve destruction of evidence, noted that the disputed discovery was tendered to defendant before the entry of the court's exclusion order, and found the sanction which excluded testimony of all witnesses was excessive and an abuse of discretion. *Petru*, 52 Ill. App. 3d at 679-80.

However, none of these cases address application of the limited discovery principles articulated in *Schmidt* as to inadvertent destruction of evidence in a misdemeanor case. As previously noted, under the limited misdemeanor principles delineated in *Schmidt*, which was a misdemeanor DUI case, the State is required to furnish the defendant a police report for use by defendant in impeachment of the prosecution witness who prepared the report. *Schmidt*, 56 Ill. 2d at 575. The videotape in the instant case is similar to the police report at issue in *Schmidt*. Applying the limited discovery principles articulated in *Schmidt,* we conclude defendant was entitled to the production and use of the videotape at trial for cross-examination and impeachment of Officer Gaske, the prosecution witness who was responsible for creating the videotape. Under *Schmidt* we find no abuse of discretion by the court's ruling that the videotape was discoverable.

Moreover, in the factual context of the instant case, we agree with the trial court that the

State was on notice and should have taken the appropriate action to make sure the tape was not destroyed. On May 8, 2008, five days after defendant was arrested, defense counsel hand delivered to the State in the form of a Rule 237 notice to produce a written request for the videotape. The first court date was June 3, 2008, at 1:30 p.m. The videotape was destroyed on the first court date at 4:24 a.m., which was several hours before court convened at 1:30 p.m. The destruction of the videotape occurred 25 days after the defense in writing requested the videotape and 30 days after the arrest. The trial court concluded the Rule 237 notice to produce, which was hand delivered to the State 25 days before the first court date and contained defendant's written request for the videotape, provided proper notice to the State. In support of that conclusion, the trial court found that "the State was given notice, and that–whether it's under the Code of Civil Procedure or whether it is-- it isn't, in my opinion that could be construed as a motion for discovery." We find no abuse of discretion by the trial court's conclusion that the State was given notice that could be construed as a motion for discovery and that the videotape "should have been tendered to the defendant."

In the factual context of the instant case, we agree with the trial court that upon receiving the written Rule 237 notice to produce, the State was properly on notice of defendant's request for discovery and had a variety of options, including filing an answer, calling the police department and obtaining the tape before it was destroyed or objecting to the written request. The trial court noted that the State took no action. The State did not respond to the discovery request, did not object to the request, did not answer the request and took no action to preserve, procure or produce the videotape. That inaction by the State set the stage for the destruction of

the videotape evidence. We recognize that the trial court found the inaction by the State was not bad faith. While we agree that the State did not act in bad faith, we do not condone the destruction of evidence which occurred in this case.

Moreover, we reject the State's argument that because there is a finding of no bad faith the defendant is required to show the videotape was material exculpatory evidence. We note that demonstrating the destroyed evidence was material exculpatory evidence is required under a due process analysis. As previously discussed, under a due process analysis where there is no bad faith by the State, the defense must show the destroyed evidence is not potentially useful evidence, but material exculpatory evidence. *Fisher*, 540 U.S. at 548-49, 157 L. Ed. 2d at 1066-67, 124 S. Ct. at 1202-03. However, in the instant case the trial court did not find a discovery violation based on due process. The Rule 237 written request to produce the videotape served on the State by defense counsel was construed by the trial court in the underlying DUI case as a motion for discovery.

The scope of misdemeanor discovery the State is required to furnish is delineated in *People v. Schmidt*. *Schmidt*, 56 Ill. 2d at 575. In discussing the limited discovery the State is required to furnish in misdemeanor cases regarding reports prepared by prosecution witnesses, the court in *Schmidt* imposed no requirement that the defendant must show the evidence requested under *Schmidt* is material exculpatory evidence. The State under *Schmidt* is required to make available the police reports requested by a defendant for impeachment of the prosecution witness who prepared the report. *Schmidt*, 52 Ill. 2d at 575. *Schmidt* does not require the defendant to show that the report is material exculpatory evidence as a prerequisite for requiring

the State to produce it.

We note that in the instant case the State made no objection to producing the videotape and did not argue that defendant was required to demonstrate the videotape was material exculpatory evidence before the State would produce it. Rather, the State on the first court date agreed to produce it. Only on appeal did the State argue that defendant was required to show either the videotape was material exculpatory evidence or that it was destroyed in bad faith. Considering the limited scope of the discovery the State is required to furnish under *Schmidt* in a misdemeanor case, we find no reason to create a "material and exculpatory" prerequisite in order for the defense to obtain the videotape at trial for impeachment of the prosecution witness who prepared it.

The trial court noted that the videotape would have been used during the summary suspension hearing or during the case in chief, and either way, "what was on that video is an important piece of evidence." The trial court further noted that this was the third case of evidence destruction from different police departments that it had in three weeks. Under the particular circumstances of this case, we find no abuse of discretion by the court in finding that the defendant's Rule 237 written request to produce was a motion for discovery, which required the State to preserve and produce the videotape, and finding a discovery violation by the State's destruction of the tape.

We caution, however, that to eliminate any question about whether the State is required to preserve and produce evidence, a signed protective order from the judge could be obtained and then served on the State at the same time the Rule 237 request is served on the State. See *People*

*v. Johns*, 336 Ill. App. 3d 682, 687-88 (2002) (sanction for violation of a protective order signed by court obtained by defendant in timely manner and specific in nature was proportional to the discovery violation). It is well settled that a trial court has the power to enforce its discovery orders. See *People v. Schambow*, 305 Ill. App. 3d at 769 ("By our holding, we do not intend to undermine the trial court's ability to enforce its discovery orders."). Obtaining such a discovery order in advance of the first trial date will eliminate destruction of evidence when, as in this case, the first trial date and the evidence purge date coincide. Obtaining a signed protective order from the judge will eliminate any question as to whether the State is required to preserve and produce the evidence.

In the factual context of the instant case, we conclude the trial court properly exercised discretion in finding that the destruction of the videotape was a discovery violation. We next address the question of whether the trial court in exercising discretion imposed an appropriate sanction for the discovery violation.

Discovery Violation Sanction

The State challenges the sanction order, contending it is tantamount to dismissal of the charge and that "having found defendant had never subpoenaed the tape and that the People had not acted in bad faith, the court's sanction was disproportionately harsh and evidences an abuse of discretion." As previously noted, the State in the instant case did not object to producing the videotape without a subpoena. Rather, the State agreed to produce the videotape but was unable to do so because the police department destroyed the tape as part of its automatic 30-day purge policy.

As a result of the destruction of the tape the trial court entered a sanction limited to barring the testimony of Officer Gaske from the point in time five seconds before he activated his emergency lights and followed the defendant until he placed defendant under arrest. In imposing this limited sanction, the trial court noted that testimony as to any driving or conduct by the defendant prior to that time would be admissible and would not be barred. The court further limited the sanction by indicating that evidence of conduct after defendant was formally placed under arrest in the squad car was also admissible. The trial court made it clear that Officer Gaske was only barred from testifying about matters recorded on the videotape and no other prosecution evidence or prosecution testimony would be barred.

Regarding the testimony of Officer Gaske that was barred, the court noted as follows:

"My ruling will be five seconds of what her car was doing prior to the actual stop.*** And the lights going on, okay. I think we're all clear on that. Any driving prior to that and actions prior to that are admissible. Any actions after she was formally placed under arrest are admissible."

The State, relying on *Arizona v. Youngblood,* 488 U.S. 51, 102 L. Ed. 2d 281, 109 S. Ct. 333 (1988), argues that the court abused its discretion when it imposed sanctions after specifically finding that the State had unintentionally destroyed the videotape. The State argues that unless a defendant can show bad faith on the part of the police, the failure of the State to preserve evidence does not constitute a denial of due process. Similarly, the State relies on *In re C.J.*, 166 Ill. 2d 264 (1995), which, consistent with the due process analysis in *Youngblood*, concludes that to justify an exclusionary sanction, defendant would have to show either that the

destroyed evidence was material exculpatory evidence or that the State destroyed the evidence in bad faith. *C.J.*, 166 Ill. 2d at 272-73. As previously noted, in the instant case the court did not impose sanctions for a discovery violation based on a due process analysis; accordingly, we do not find the State's argument persuasive.

The State further challenges the imposition of sanctions, relying on *People v. Schmidt*, 56 Ill. 2d 572, 574-75 (1974). The State contends that "[i]t is well-settled that the Supreme Court Rules do not provide a basis for discovery sanctions in misdemeanor cases." As previously noted, *Schmidt* addressed the scope of discovery the State is required to provide in misdemeanor cases. *Schmidt*, 56 Ill. 2d at 575. *Schmidt* is not instructive because it did not discuss the issue of whether discovery sanctions can be imposed in misdemeanor cases.

The State also relies upon *People v. Petru*, 52 Ill. App. 3d 676 (1977), in support of its argument that the limitation on Officer Gaske's testimony was an abuse of discretion because that sanction "completely precluded the People from prosecuting the defendant." In *Petru* as a discovery sanction the court excluded the testimony of all the investigating police officers who could testify for the State. *Petru*, 52 Ill. App. 3d at 679. The court in *Petru* found the exclusion of the testimony of all the witnesses was excessive and an abuse of discretion. *Petru*, 52 Ill. App. 3d at 679. The court noted that several less stringent sanctions could have been applied. The court in *Petru* concluded that it did not intend to "preclude the imposition of any other appropriate sanction in the proper case" and noted that the "disputed discovery which is the subject of this appeal was in fact furnished to defendant prior to the entry of the exclusion order by the trial court." *Petru*, 52 Ill. App. 3d at 679.

We find *Petru* factually distinct from the instant case. Unlike *Petru,* the evidence that is subject of the instant appeal was destroyed; it was not furnished to defendant prior to the court's imposition of the sanction order as was done in *Petru. Petru*, 52 Ill. App. 3d at 679. Unlike the sanction imposed in *Petru,* the trial court did not bar all the testimony of the police officers who could testify for the State. Moreover, the trial court did not bar all the testimony of Officer Gaske, the arresting officer. Rather, it limited the sanction to excluding Officer Gaske from testifying only to matters on the videotape. The trial court was careful to note that Officer Gaske could testify to what he observed as to defendant's operation of the motor vehicle she was driving before he activated the videotape and the officer could testify about observations or statements after defendant was arrested.

On appeal the State argues the limitation on Officer Gaske's testimony essentially precludes it from prosecuting defendant. In support of that argument the State notes that Officer Gaske's observations of defendant while the videotape was recording constituted the State's entire proof of defendant's alleged intoxication. However, at the sanction hearing and the rescission hearing the State declined to call any witnesses. The only witnesses who testified were the defendant and Officer Gaske, who were both called by the defense during the rescission hearing. The State did not cross-examine defendant and only asked Officer Gaske a few brief questions. On appeal the State argues that the videotape "consisted of the entire set of events that led to defendant's arrest." However, the State did not make a record during the hearing which supports that conclusion. The record does not reflect whether Officer Gaske was the only police officer to observe defendant or have contact with defendant. The State did not ask Officer Gaske

what, if any, observations he made of defendant's operation of the car defendant was driving before he activated the videotape. The State did not ask Officer Gaske whether defendant made any incriminating statements after her arrest. The State did not ask Officer Gaske whether the videotape reflected the only and the entire proof of defendant's alleged intoxication. The State had an opportunity to make that record but did not do so.

Both the defense and the State agreed to stipulate to the transcript of the hearing for purposes of the sanction determination by the trial court in the criminal DUI case. The trial court in imposing sanctions was clear to note that Officer Gaske was barred from testifying only to matters on the videotape and no other testimony or evidence the State would offer was subject to that sanction. That sanction was similar to the sanction imposed in *Koutsakis*, where as the result of the State's failure to produce the requested tapes, the court barred the officers from testifying regarding matters that may have been contained on the tape. *Koutsakis*, 255 Ill. App. 3d at 313-14. Similarly, in *People v. Johns*, 336 Ill. App. 3d 682 (2002), the court found no abuse of discretion where the trial court imposed sanctions that barred police from testifying to any details of the offense during the time period covered by the requested tapes that were inadvertently erased.

In the instant case, during the hearing on the motion for sanctions, in support of defendant's request for a sanction proportional to the magnitude of the discovery violation defendant relied on *People v. Schambow*, 305 Ill. App. 3d 763 (1999). As previously noted, in *Schambow* the court addressed the proper sanction for destroyed evidence in a statutory summary suspension proceeding, not in the context of a misdemeanor DUI prosecution. *Schambow*, 305

24

Ill. App. 3d 763. The defendant in *Schambow* subpoenaed an audiotape of the police communications to be produced on the court date for his statutory summary suspension. Between the time the subpoena issued and the court hearing, the audiotape was inadvertently erased. *Schambow*, 305 Ill. App. 3d at 765. After learning it had been destroyed, the defendant, pursuant to Supreme Court Rule 415(g)(I) (134 Ill. 2d R. 415(g)(I)), filed a motion for sanctions seeking rescission of his statutory suspension. *Schambow*, 305 Ill. App. 3d at 765-66. The trial court entered an order rescinding the defendant's summary suspension and the State appealed. *Schambow*, 305 Ill. App. 3d at 766.

In *Schambow*, the court addressed the discovery violation under a due process analysis and concluded that "[l]acking the predicate showing of exculpatory potential or prosecutorial bad faith, the defendant cannot demonstrate that his due process rights have been violated." *Schambow*, 305 Ill. App. 3d at 768. The *Schambow* court, relying on Supreme Court Rule 219 (166 Ill. 2d 219), held that the rescission of the summary suspension was not an appropriate discovery sanction because the State's failure to preserve the tape was not deliberate or in bad faith and because the audiotape had limited evidentiary value for the summary suspension hearing. *Schambow*, 305 Ill. App. 3d at 768-69. The court noted that by that holding, "we do not intend to undermine the trial court's ability to enforce its discovery orders." *Schambow*, 305 Ill. App. 3d at 769. However, the court made clear that the "nature of the sanction must be commensurate with the discovery violation." *Schambow*, 305 Ill. App. 3d at 769. Citing *Koutsakis*, the *Schambow* court explained how a more limited sanction would have been appropriate:

"[I]nstead of rescinding the summary suspension, the trial court could have simply

precluded [the officer] from testifying concerning statements he made to the

police dispatcher as well as any information he learned from the dispatcher. Such

a sanction would have been more proportional to the magnitude of the discovery

violation." *Schambow*, 305 Ill. App. 3d at 769.

A similar sanction issue was resolved in *People v. Petty*, also in the context of a

rescission hearing where defendant failed to subpoena an audiotape but did move for discovery

of the audiotape under Rule 237 (134 Ill. 2d R. 237) and the Code of Criminal Procedure of 1963

(725 ILCS 5/114-13 (West 1998)). *Petty*, 311 Ill. App. 3d at 302. After the tapes of defendant's

arrest were inadvertently destroyed following the request, the trial court granted the defendant's

motion to quash the arrest and suppress all of the arresting officer's testimony from further

proceedings. *Petty*, 311 Ill. App. 3d at 302-03. Although the case was reversed and remanded

because the sanction was not proportional to the magnitude of the discovery violation, we note

the trial court's finding that there was a discovery violation remained undisturbed. *Petty*, 311 Ill.

App. 3d at 304.

Regarding the sanction, the appellate court in *Petty* held that the trial court abused its

discretion when it "completely" barred the arresting officer's testimony and remanded the case to

the trial court for imposition of an appropriate sanction. *Petty*, 311 Ill. App. 3d at 304. In so

doing, the court cited *Koutsakis* and *Schambow* and explained how a more proportional sanction

could have been imposed:

"In this case, the trial court could have precluded the officer from testifying about

26

his conversations with the dispatcher and limited the testimony to the officer's observations of defendant. Such a sanction would have been more proportional to the magnitude of the discovery violation." *Petty*, 311 Ill. App. 3d at 304.

We are mindful that *Schambow* and *Petty* address the issue of sanctions in the context of a rescission hearing, while *Koutsakis* and *Johns* address the issue of sanctions in the context of a felony prosecution. However, the sound principle articulated in these cases, that a sanction should be proportionate to the magnitude of the discovery violation, is instructive in addressing whether the sanction was appropriate in the instant case.

We further note *People v. Camp*, 352 Ill. App. 3d 257 (2004), recognized the need to impose a discovery sanction proportionate to the magnitude of the discovery violation in a misdemeanor DUI case where the videotape of defendant performing field sobriety tests was destroyed by the State before trial. *Camp* analyzed the discovery violation using a due process analysis and found the trial court erred in holding that due process required dismissal of the DUI charge. *Camp*, 352 Ill. App. 3d at 261. However, *Camp* noted that the trial court based its ruling solely on due process and "thus did not consider what sanctions would be proper under the discovery rules." *Camp*, 352 Ill. App. 3d at 262. *Camp* further noted that "[t]his is primarily a question for the trial court, which has broad discretion to impose sanctions that are proportionate to the magnitude of the discovery violation." *Camp*, 352 Ill. App. 3d at 262, citing *Newberry*, 166 Ill. 2d at 317-18, and *Koutsakis*, 255 Ill. App. 3d at 314.

The court in *Camp* concluded that the dismissal of the charge was disproportionate to the State's discovery violation. *Camp*, 352 Ill. App. 3d at 262. *Camp* remanded for "the trial court

1-09-0686

*** to consider the appropriate sanction under Rule 415(g)(I) for the State's discovery violation." *Camp*, 352 Ill. App. 3d at 262. We note *Newberry*, which was relied upon by the court in *Camp*, is a felony case which recognized that the Illinois Supreme Court discovery rules provide a basis independent from due process for imposing a discovery sanction. That principle, which was not addressed by the United States Supreme Court in *Fisher*, was articulated by the *Newberry* court as follows:

> "[T]he circuit court's dismissal of the indictments can also be sustained as a proper discovery sanction under our Rule 415(g)(I) (134 Ill. 2d R. 415(g)(I)), independent of any due process considerations. Rule 415(g)(I) confers broad power on the trial court to impose sanctions where, as here, the State fails to comply with its discovery obligations. Where evidence has been destroyed following a defense request under Rule 412 (134 Ill. 2d R. 412), no showing of bad faith by the State is required in order for the trial court to act. The correct sanction is a decision appropriately left to the discretion of the trial court, and its judgment is entitled to great weight." *Newberry*, 166 Ill. 2d 310 at 317-18.

*People v. Camp* is the only case we have found that addresses the issue of what constitutes appropriate discovery sanctions under Rule 415(g)(I) for the State's discovery violation in the context of a misdemeanor case. Supreme Court Rule 415(g)(I) provides as follows:

> "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order

28

issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other order as it deems just under the circumstances." 134 Ill. 2d R. 415(g)(I).

We are mindful that the Illinois Supreme Court discovery rules apply to felony cases, but can appreciate the reliance by *Camp* on Rule 415(g)(I) as providing some guidance to the trial court on remand in crafting a discovery sanction proportionate to the magnitude of the discovery violation in the context of a misdemeanor case. *Camp*, 352 Ill. App. 3d at 262 ("On remand, the trial court is to consider the appropriate sanction under Rule 415(g)(I) for the State's discovery violation."). We note the trial court in the instant case did not rely on *Camp*; however, we find it instructive in articulating the principle that a sanction should be proportional to the magnitude of the discovery violation in a misdemeanor case. *Camp*, 352 Ill. App. 3d at 262.

In the instant case, consistent with the principles articulated in *Schambow, Petty, Camp, Koutsakis* and *Johns*, defendant sought a sanction proportionate to the magnitude of the discovery violation. Defendant did not seek dismissal of the misdemeanor criminal case. The trial court did not completely bar the officer's testimony and did not dismiss the charges in the criminal case; instead, consistent with the principles articulated in *Schambow, Petty*, *Camp, Koutsakis* and *Johns*, the court entered a sanction that was limited and proportionate to the magnitude of the discovery violation. The entire testimony of Officer Gaske was not barred. The court only barred Officer Gaske from testifying regarding matters on the videotape, while testimony regarding defendant's driving or other conduct not on the videotape would be admissible. The court made it clear it was not barring the State from offering other testimony or

evidence. Rather, the trial court noted that any of defendant's actions or driving prior to activation of the videotape would be admissible through the testimony of the arresting officer, as well as any observations of defendant made by the officer after defendant's arrest.

During the hearing on defendant's motion for sanctions for the police department's destruction of the requested videotape, the trial judge noted that this case was the third case of evidence destruction he had been confronted with in three weeks, involving three different police departments. The court noted that the erasing of tapes after 30 days seemed to be the general procedure of many police departments. See, *e.g.*, *People v. Schambow*, 305 Ill. App. 3d at 765 (apparently, 30 days after the date of the original taping, the radio recordings of communications are erased). The trial court suggested that police departments should be educated by their legal representatives so that this destruction of evidence would not constantly happen. For the reasons previously discussed, we find the trial court properly exercised discretion in imposing a limited sanction for the discovery violation.

CONCLUSION

In the factual context of the instant case, we conclude that the trial court did not abuse its discretion by finding a discovery violation and imposing sanctions. Defense counsel within five days of defendant's arrest hand delivered to the State a written notice to produce the videotape. On the first court date defense counsel made a *Schmidt* motion for discovery including the videotape. The State did not object to the notice to produce or to the motion for discovery; rather the State agreed to produce the videotape. Relying on the State's agreement to produce the videotape, the defense did not issue a subpoena for the videotape or request a court order for its

production or protection and the court did not enter an order to protect or produce. The videotape was destroyed as the result of the police department's 30-day automatic purge policy. The court, independent of a due process analysis, found the State did not act in bad faith but found the inadvertent destruction of the videotape was a discovery violation and imposed sanctions. The trial court did not dismiss the charges against defendant; rather, the sanction imposed, which excluded only testimony regarding what was contained on the destroyed videotape, was limited and proportionate to the discovery violation.

The record does not reflect that the trial court's use of discretion was "fanciful, arbitrary, or unreasonable to the degree that no reasonable person would agree with it." *People v. Ortega*, 209 Ill. 2d 354, 359 (2004). The trial judge noted this was the third case of evidence destruction involving different police departments that he had before him during a period of three weeks. We find no abuse of discretion by the trial court's conclusion that the videotape was discoverable and the destruction of the videotape after defendant requested its production was a discovery violation. We find no abuse of discretion by the trial court's conclusion that there was no bad faith by the State in the destruction of the videotape. We find no abuse of discretion by the limited sanction imposed. In the exercise of discretion, the experienced trial court found the destruction of the videotape in the factual context of this case to be a discovery violation and imposed an appropriate sanction that was limited in scope. We affirm the decision of the trial court barring the State from introducing only the testimony of the arresting officer as to what was contained on the videotape.

Affirmed.

1-09-0686

O'BRIEN and NEVILLE, JJ., concur.