No. 2-09-0925     Filed:  12-20-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 07--CF--745 |
| CARL VOLTAIRE, | ) ) | Honorable T. Jordan Gallagher, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE BURKE delivered the opinion of the court:

An indictment charged defendant, Carl Voltaire, with unlawful delivery of a controlled substance (720 ILCS 570/401(a)(2)(A) (West 2006)) and unlawful possession of a controlled substance (720 ILCS 570/402(a)(2)(A) (West 2006)).  Sometime during the lengthy pretrial delays, the parties learned that the substance in question had been destroyed.  Defendant moved to dismiss the charges, arguing that the destruction of the substance deprived him of due process.  The trial court granted the motion.  The State appeals, contending that under Illinois v. Fisher, 540 U.S. 544, 157 L. Ed. 2d 1060, 124 S. Ct. 1200 (2004), the inadvertent destruction of the evidence did not deprive defendant of due process.  We reverse and remand.

Defendant was indicted in March 2007.  Shortly thereafter, defense counsel filed a standard discovery request seeking, among other things, any "books, papers, documents, photographs or

tangible objects" that the State intended to use at trial.  Laboratory reports were tendered in September 2007.  Sometime in 2008, defendant obtained new counsel.

In June 2009, the prosecution filed its discovery response, disclosing for the first time that the evidence, including the alleged controlled substance, had been inadvertently destroyed when a codefendant's case was concluded.  Defendant moved to dismiss the charges on due process grounds. He argued that People v. Newberry, 166 Ill. 2d 310 (1995), mandated dismissal of charges where the State destroyed evidence that was "outcome-determinative," even where the destruction was in good faith.  The State responded that Newberry was based on federal due process grounds and that Fisher superseded Newberry's due process analysis.

The trial court dismissed the charges, holding that it was bound by Newberry.  The State timely appeals.

In this court, the State renews its argument that Fisher implicitly overruled Newberry and that, under Fisher, no due process violation occurred.  Defendant responds that Fisher declined to expressly overrule Newberry, that Newberry had an adequate state-law basis for its holding, and that, in any event, the Illinois Supreme Court does not invariably follow lockstep with the United States Supreme Court on federal constitutional questions.

The issue thus is whether Fisher or Newberry governs.  To fully understand this issue, we review a quartet of cases involving a state's destruction of evidence prior to trial.  In California v. Trombetta, 467 U.S. 479, 81 L. Ed. 2d 413, 104 S. Ct. 2528 (1984), defendants charged with driving under the influence unsuccessfully sought to suppress breath-analysis test results on the ground that the police failed to preserve the breath samples, thereby limiting the defendants' ability to challenge the incriminating test results.  The state appellate court set aside their convictions, holding that due process demanded that the arresting officers preserve the breath samples, but the Supreme Court

reversed. The Court reasoned that due process was not violated, because the police had acted in good faith and in accord with normal procedures when they failed to preserve the samples, and the testing device's high degree of accuracy made it extremely unlikely that further testing of the samples would have helped the defense. Trombetta, 467 U.S. at 488-89, 81 L. Ed. 2d at 422, 104 S. Ct. at 2534.

In Arizona v. Youngblood, 488 U.S. 51, 102 L. Ed. 2d 281, 109 S. Ct. 333 (1988), the defendant, who was charged with child molestation, sexual assault, and kidnaping, claimed that his due process rights were violated because the State failed to promptly test samples found on the victim's clothing or to properly refrigerate the clothing so that it could be properly tested later. In rejecting this claim, the Supreme Court held, as it had in the past, that the good or bad faith of the State is irrelevant when the State fails to disclose to the defendant exculpatory evidence that is material. The Court concluded, however, that the due process clause requires a different result when no more could be said of the evidence "than that it could have been subjected to tests, the results of which might have exonerated the defendant." Youngblood, 488 U.S. at 57, 102 L. Ed. 2d at 289, 109 S. Ct. at 337.

According to the Court, police do not have "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." Youngblood, 488 U.S. at 58, 102 L. Ed. 2d at 289, 109 S. Ct. at 337. Where the evidentiary material is only "potentially useful," the failure to preserve that material does not constitute a denial of due process unless a criminal defendant can show bad faith on the part of the police. Youngblood, 488 U.S. at 58, 102 L. Ed. 2d at 289, 109 S. Ct. at 337.

Newberry held that the case was "markedly different" from Youngblood. Newberry, 166 Ill. 2d at 315. The evidence in Newberry was more than just " 'potentially useful' "; it was outcome-

determinative. Newberry, 166 Ill. 2d at 315. Moreover, the defendant had no "realistic hope of exonerating himself absent the opportunity to have [the evidence] examined by his own experts." Newberry, 166 Ill. 2d at 315. Thus, dismissal of the charges was the only appropriate remedy, even though there was no evidence of the State's bad faith. Newberry, 166 Ill. 2d at 317.

In Fisher, the defendant was charged with cocaine possession. He skipped bail and remained a fugitive for 10 years. By the time he returned, the alleged cocaine had been destroyed. However, lab tests had concluded that it was, in fact, cocaine. The trial court dismissed the charge on due process grounds and the appellate court, citing Newberry, affirmed. See Fisher, 540 U.S. at 546-47, 157 L. Ed. 2d at 1065, 124 S. Ct. at 1201. The supreme court denied leave to appeal but the Supreme Court granted certiorari and reversed.

The Court held that the "substance seized from respondent was plainly the sort of 'potentially useful evidence' referred to in Youngblood ***. At most, respondent could hope that, had the evidence been preserved, a fifth test conducted on the substance would have exonerated him." (Emphasis in original.) Fisher, 540 U.S. at 548, 157 L. Ed. 2d at 1066, 124 S. Ct. at 1202. The Court further held that Youngblood applies even where the evidence offers a defendant's sole hope for exoneration and is essentially outcome-determinative. Fisher, 540 U.S. at 548, 157 L. Ed. 2d at 1066, 124 S. Ct. at 1202.

In the present case, defendant did not argue nor did the trial court find that the evidence was exculpatory. While defendant argued that the police acted in bad faith, the trial court specifically found that there was no indication of bad faith on anyone's part. On appeal, defendant does not contest this finding or argue bad faith as an alternative basis for us to affirm. We see no reason to disturb the trial court's finding on this point.

The court below simply applied <u>Newberry</u>'s outcome-determinative test in finding a due process violation. Therefore, if we follow <u>Fisher</u>, as the State urges, we are bound to reverse the trial court's ruling as a matter of law. See <u>People v. Blaylock</u>, 311 Ill. App. 3d 399, 404 (2000) (finding that the standard of review regarding a court's ruling on a motion to dismiss an indictment on the basis of lost or missing evidence is whether the trial judge was correct as a matter of law).

The State contends that <u>Newberry</u> rested, at bottom, on federal due process concerns and that <u>Fisher</u> rejected <u>Newberry</u>'s central holding that due process requires dismissal when the State inadvertently destroys evidence that is outcome-determinative. The State further contends that the supreme court generally follows the lockstep approach, <u>i.e.</u>, deferring to the Supreme Court's analysis of constitutional issues. The State cites <u>People v. Kizer</u>, 365 Ill. App. 3d 949 (2006), in which the Fourth District confronted the issue we face here.

In <u>Kizer</u>, the defendant was charged with possessing a controlled substance, but the State inadvertently destroyed the substance before the defendant could independently test it. The Fourth District predicted that the supreme court would follow lockstep and abandon <u>Newberry</u> in favor of <u>Fisher</u>. The <u>Kizer</u> court listed four reasons for its conclusion. First, it noted that <u>Newberry</u> had not distinguished between the federal and state constitutions, and thus there was no reason to think that the court intended to interpret the Illinois Constitution's due process provision differently than its federal counterpart. <u>Kizer</u>, 365 Ill. App. 3d at 960-61. Second, the supreme court had already declined an invitation to interpret the Illinois Constitution's due process provision more broadly than its federal counterpart. <u>Kizer</u>, 365 Ill. App. 3d at 961, citing <u>People v. Pecoraro</u>, 175 Ill. 2d 294, 318 (1997). Third, <u>Fisher</u> merely clarified <u>Youngblood</u>, which the supreme court had repeatedly followed. <u>Kizer</u>, 365 Ill. App. 3d at 961. Finally, the supreme court had recently reaffirmed its

commitment to the limited lockstep approach. Kizer, 365 Ill. App. 3d at 961, citing People v. Caballes, 221 Ill. 2d 282, 313 (2006).

We agree with Kizer that, if confronted with the issue, the supreme court would follow Fisher. Newberry appears to be nothing more than an application of Trombetta and Youngblood, and the Supreme Court has now clarified that the application of those cases to this situation contradicts the holding in Newberry.

Citing Justice Stevens' concurrence in Fisher, defendant notes that the Supreme Court did not explicitly overrule Newberry and suggests that this is because Newberry rested on an adequate state-law basis. See Fisher, 540 U.S. at 549-50, 157 L. Ed. 2d at 1067, 124 S. Ct. at 1203 (Stevens, J., concurring). We disagree. As noted, Newberry does not specifically mention the Illinois Constitution. See Ill. Const. 1970, art. I, §2. The only state-law basis that Newberry specifically mentions is that the dismissal could have been upheld as a discovery sanction under Supreme Court Rule 415(g). Newberry, 166 Ill. 2d at 317-18, citing 134 Ill. 2d R. 415(g). We note that recently, in People v. Kladis, 403 Ill. App. 3d 99 (2010), the First District declined to reach the issue presented here and held that dismissal of the charges was warranted as a discovery sanction.

Here, however, the trial court expressly declined to impose a discovery sanction and defendant does not argue that the dismissal should be affirmed on that basis. Generally, a trial court has considerable discretion in imposing a discovery sanction (People v. Patel, 366 Ill. App. 3d 255, 272-73 (2006)), and although we may affirm an order on any basis appearing in the record (Material Service Corp. v. Department of Revenue, 98 Ill. 2d 382, 387 (1983)), we decline to do so here. The trial court explicitly did not impose a discovery sanction, finding that the State acted in good faith. To affirm the dismissal on this basis would amount to holding that the trial court abused its

discretion by not imposing a discovery sanction. We cannot so find, particularly where defendant has not so argued.

Defendant further contends that the supreme court does not invariably follow lockstep and might decline to do so here. However, that court has traditionally refused to depart from lockstep absent some " 'language of our constitution, or in the debates and the committee reports of the constitutional convention' " (Caballes, 221 Ill. 2d at 310, quoting People v. Tisler, 103 Ill. 2d 226, 245 (1984)) or some countervailing "state tradition and values as reflected by long-standing state case precedent" (Caballes, 221 Ill. 2d at 314). See Kizer, 365 Ill. App. 3d at 961. Defendant cites no language in the state constitution or debates, and no longstanding case precedent, to suggest that the supreme court would not follow lockstep on this issue.

Again citing Justice Stevens' concurrence, defendant points to numerous cases from sister states that have held that defendants could establish due process violations under their state constitutions even in the absence of bad faith. Fisher, 540 U.S. at 549-50 n.*, 157 L. Ed. 2d at 1067 n.*, 124 S. Ct. at 1203 n.* (Stevens, J., concurring), quoting State v. Morales, 232 Conn. 707, 723, 657 A.2d 585, 593 (1995) (" '[f]airness dictates that when a person's liberty is at stake, the sole fact of whether the police or another state official acted in good or bad faith in failing to preserve evidence cannot be determinative of whether the criminal defendant received due process of law' "). Of course, Youngblood never said that the only relevant consideration was state actors' good or bad faith. Rather, Youngblood focused on what it deemed to be the central concern, the potential usefulness of the evidence to the defense. We note that Justice Stevens concurred in the result in Fisher, which held that the evidence was not critical to the defense because in all likelihood it would have been inculpatory.

At this juncture, we note a significant factual distinction between <u>Newberry</u> and <u>Fisher</u>. In <u>Newberry</u>, a field test was negative, but a later lab test revealed cocaine. <u>Newberry</u>, 166 Ill. 2d at 312. While field tests are not as reliable as lab tests (see <u>Newberry</u>, 166 Ill. 2d at 317), <u>Newberry</u> at least could show that two tests performed by the State had yielded different results. There was thus some reason to think that a third test to "break the tie" would have been critical. The <u>Fisher</u> Court, by contrast, emphasized that four separate tests had all concluded that the substance was cocaine. <u>Fisher</u>, 540 U.S. at 548, 157 L. Ed. 2d at 1066, 124 S. Ct. at 1202. Here, the record does not demonstrate that different tests of the substance produced different results, and defendant does not suggest any other reason that the test results were unreliable.

Finally, defendant argues that in <u>People v. Sutherland</u>, 223 Ill. 2d 187 (2006),[1] the supreme court "had an opportunity" to overrule <u>Newberry</u> but did not. However, the <u>Sutherland</u> court had no reason to overrule <u>Newberry</u>, as it held that the defendant's claim failed under <u>Newberry</u>. <u>Sutherland</u>, 223 Ill. 2d at 240.

Based on the foregoing, we find that the <u>Fisher</u> due process analysis applies to the destruction of evidence in this case and that as a matter of law a due process violation was not established.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

ZENOFF and SCHOSTOK, JJ., concur.

---

[1]Defendant incorrectly cites an earlier opinion in the same case that predated <u>Fisher</u> and did not discuss the destruction-of-evidence issue.